## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### NICHOLS V. BRANHAM.

#### MAY 17th, 1888.

Absent, Lewis, P., and Richardson, J.

OFFICE—*Fees—Usurper—General rule—Exception—Case at bar.*—When one person has usurped an office belonging to another, and has taken the fees, an action will lie for the same. But when B. was ousted upon *quo warranto* from a city office by L., and B. appealed; pending appeal, L. resigned; N. was appointed to fill the vacancy. The decision on appeal was in favor of B., who had not demanded the office or attempted to perform its duties until the final decision, when it was delivered up:

HELD:

  B. cannot recover from N. the official fees received by him pending the appeal.

Error to judgment of corporation court of city of Norfolk, rendered October 7th, 1884, in an action of trespass on the case wherein John B. Branham was plaintiff, and H. B. Nichols was defendant. The object was to recover damages for fees of office received by Nichols which Branham claimed. The demurrer to the declaration was overruled. The verdict was for plaintiff. The court overruled defendant's motion to set aside the verdict, and entered judgment in accordance with it. To this ruling the defendant excepted, and the evidence being certified, brought the case here on writ of error and *supersedeas*. Opinion states the case.

*Borland & Willcox*, for the plaintiff in error.

*Burroughs & Bro.*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This case is as follows: On the 25th of May, 1882, at the municipal election held under the charter of Norfolk city, one Long was elected commissioner of the revenue for the said city for the term beginning, under the law, on the 1st day of July following; but Branham, the incumbent under the old law, had been elected for four years, and had still two years to serve, and he refused to surrender under the terms of the existing law, claiming four years under the terms of the old law. Upon *quo warranto* proceedings Long ousted him in the corporation court, and Branham brought the case here by writ of error. In this court the pretension of Branham to a four-year term was not sustained, but the corporation court was reversed upon the ground that Long had not qualified in the mode prescribed by law, he having failed to take the anti-dueling oath; that Long was not entitled to the office, he not having qualified as the law required; and that Branham was entitled to hold over and discharge the duties of the office until his successor had qualified. This decision was in January 24, 1884. Before the rendition of the decision of this court, however, in October, 1883, Long had resigned the office, which he had been holding under the decision of the lower court, and gone about other business. Long no longer claiming the office, and Branham having been adjudged not to be entitled to it by a court of competent jurisdiction, not yet reversed, Branham could not and did not offer to hold it. The same was unoccupied and in fact vacant. In this state of affairs the mayor of the city, regarding the office as vacant, appointed Nichols to discharge the duties thereof until the same could be properly filed, after the controversy between Long and Branham had been finally settled in this court, and Nichols proceeded to do so. In February, 1884, when Bran-

ham was adjudged to have the right to hold over his term until his successor was duly qualified, Branham took possession of the office and sued Nichols for the emoluments of the office from October, 1883, to that date, and judgment was rendered against Nichols for the same in favor of Branham; whereupon Nichols brought the case here by writ of error.

It is claimed to be a well-settled principle, by the defendant in error, that when one person has usurped an office belonging to another, and taken the known and established fees of office, an action will lie for the same. This has been so decided, and doubtless correctly so decided, as the right to the possession of the office carries with it the right to the emoluments; and, upon reason, it would seem but just that where a usurper has ousted another from his office, and held the same against him, and received what was another's, that he should refund his unjust gains. And if this suit were against Long who did oust Branham without himself having a valid claim, and held what was Branham's, this discussion would possess an interest and importance not attaching to it in this suit. Long did hold against Branham, and did interpose an erroneous judgment between him and his office, and Long might find his defences difficult to maintain. But what has Nichols done against the rights of Branham? He did not ask Branham when he was appointed to temporarily hold this office. Branham was not holding it, and could not hold it. It has been decided by a judgment, binding until reversed, that Branham was not entitled to hold it. Branham did not claim the right to hold it until the decision upon his appeal, and Nichols did not claim or pretend to hold it after that appeal had been decided, nor at any time, so far as this record shows, against any demand of Branham. Nichols was only appointed temporarily to hold the place. Branham was not in the place of business where the office was kept when Nichols went in. Branham was not there at that time, nor afterwards, until the case was decided here between him and Long. Branham never in any way

demanded the office of Nichols until the decision in the *Long case*. When Branham did demand it, it was promptly delivered up by Nichols; the decision of this court having determined Branham's right to it. Branham could not have held it if Nichols had not; and this state of things was not brought about by Nichols, nor through his agency, directly or indirectly. There is no privity whatever between Branham and Nichols. If Long injured Branham, that does not tend to show that Nichols did. It was contrary to public policy that this public office should go unfilled, upon which the public remedy depended. It was indispensable that some person should perform the duties during this period. Branham could not, and, as we have seen, his situation could in nowise be ascribed to Nichols. Then how did Nichols injure Branham by holding an office he could not hold? Nichols has practiced no wrong, nor has he inflicted any injury on Branham. The only ground upon which Branham can found a plausible demand against Nichols is that Nichols received fees, to which he has turned out since to be in fact entitled. But the answer is that Branham, through no fault of Nichols, was not in a condition to receive them. Branham did not and could not discharge the duties. Nichols could and did, without objection from Branham, do the work, and receive the pay for it. Branham has no just cause of action against Nichols; and the corporation court of Norfolk erred in overruling the defendant's demurrer to the declaration of the plaintiff, and the said judgment will be reversed and annulled, and such judgment rendered here as the said corporation court ought to have rendered.

JUDGMENT REVERSED.