# CHARLESTON.

## LEE *v.* PATTON.

Submitted January 30, 1901. Decided November 9, 1901.

1. APPEAL—*Decree—Reasons Not Material.*
    Where the decree appealed from is right the same will not be reversed because the circuit court was incorrect in its reasons for its conclusion. (p. 28).

2. GIFTS—*Donor Dead—Donee—Evidence.*
    Under section 23, chapter 130, Code, a donee is incompetent as a witness to prove the delivery to himself of a gift by the donor, the latter being dead when the testimony is offered. (p. 28).

Appeal from Circuit Court, Ritchie County.

Action by Ida M. Lee against D. B. Patton and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

M. K. DUTY, for appellant.

M. R. CROUSE, for appellees.

McWhorter, Judge:

Ida M. Lee filed her bill in the circuit court of Ritchie County against D. B. Patton, sheriff, and as such administrator of the estate of E. C. C. Lee deceased setting up a claim against said estate for nine hundred dollars evidenced by certain promissory notes a gift and advancements made to plaintiff by said Lee in his life time in consideration of her services to said Lee, etc.: that afterwards it was ascertained that Lee had made a will which was duly probated whereby he devised his real estate and bequeathed his personal property to his children, V. Lee, E. H. Lee, L. E. Lee and his grandson Lionel Lee and naming L. E. Lee as his executor. Plaintiff filed her amended and supplemental bill making the said devisees and legatees parties thereto, referring to and making the original bill a part of said amended and supplemental bill, showing that on the 10th of January, 1882, said E. C. C. Lee and Catharine T. Lee his wife by indenture of apprenticeship entered into by them with the trustees of the Belmont County Children's Home in the state of Ohio took from said institution the plaintiff who was then nearly ten years of age, who was to faithfully serve them and correctly demean herself during the period of her apprenticeship which should terminate on the 25th day of July, 1890; the said Lee and wife covenanting to and with said trustees and the plaintiff whose name was Ida M. Brister that they would teach the plaintiff the trade and occupation of house-keeping and provide her during said apprenticeship with proper food, lodging, medicine, washing, clothing, and all necessaries suitable for an apprentice, treat her kindly, and exercise over her parental care and control as a member of the family and send her to the district school where they resided "at least four months in each year of her apprenticeship" and at the expiration of the term of service to furnish her with a new Bible, at least two suits of common wearing apparel, one good and sufficient suit for attending public religious worship and fifty dollars in money, which indenture or contract was filed with the bill; alleging that when she was taken into the Lee home she was given the name of Lee which she accepted and had been known and called by it ever since; that at the time she went there the family consisted of Lee, his wife, three sons and two daughters; that shortly afterwards the eldest daughter died and when plaintiff was about fourteen years of

age the wife died, that some four or five years after that the other daughter who was younger than plaintiff died also leaving the entire care of all the domestic matters on plaintiff's hands to attend to and care for, she presiding at the table of said E. C. C. Lee and over his household affairs and administering to him in sickness and in health the same as if she were his own child until she was nearly twenty-one years of age, having remained with him at his urgent request and solicitation for nearly three years after her apprenticeship had terminated and that it was the unkind treatment of his sons that compelled her to leave Lee's home even then and seek a home and living elsewhere; that although not related to said Lee yet he took the place of a father to her and she looked upon him as such, he taught her to call him papa and he professed great affection and sympathy for her and taught her to love and obey him and to place implicit confidence in him, all of which she did, but that he failed to educate her as he had agreed to do; that not only during the time plaintiff remained with Lee after her apprenticeship had terminated and before but particularly about the year 1891 and from that time to nearly a year before his death, he at various times promised her and told others that in consideration of her long and faithful and valuable services performed by her for him and his family in their domestic affairs and for her untiring kindness to him always in sickness and health and his failure to give her the education he had agreed to that he intended for it all to well provide for her before he died, frequently saying to the amount of eight hundred dollars—and that he would make the provision for her so she could get it after his death; that Lee placed in the hands of Silas Taylor about the year 1891 or 1892 two notes of two hundred and fifty dollars each made by C. K. Williamson one payable June 1, 1893, the other June 1, 1894, and another note for two hundred and fifty dollars, which notes Lee assigned to plaintiff, and made them payable to her so no one else could collect them which she accepted as a gift and advancement for her said services, etc.; that he then and there delivered them for her to Silas Taylor a neighbor and responsible gentleman to keep for her; that afterward on the 12th day of January, 1895, some two years after she left his home while she was living at West Union in further carrying out his promises, said Lee made his note for one hundred and fifty dollars payable to her one year after date and delivered it to her by mail at West Union, which

she accepted and took immediate custody and control of it as her property; that he afterwards wrote her several times urging her to send him the last mentioned note so he could place it also for her in the hands of said Taylor, giving as a reason that he was afraid she would get the note misplaced and that somebody else might collect it and get the money, that she did not send it until she received his letter dated the 15th of March urging her to send it to him only for said purpose, that he acknowledged receipt of it by letter of March 20th and on the 2d day of April, 1895, he wrote her that he had given the note to Taylor to keep for her; that afterwards at Lee's earnest solicitation she returned to stay at his home, that after she had been there about a month without plaintiff's authority or direction Lee went to said Taylor and got all her said notes and papers and handed them to her saying, "Here are those notes and papers of yours that I gave you. Take them to your room and lock them up in your trunk where they would be perfectly safe, so the boys (meaning his own boys) cannot get them, so you can collect them when due:" that she did so and kept them until about the last of July, 1895, when said Lee, by false and fraudulent representations made to her, as she alleges for the purpose of cheating and defrauding her out of said notes and papers, which were then of the value of fully nine hundred dollars or more, induced her to get said notes and papers, pretending to her that he wanted to collect the money for her that was due her on some of them, and relying on such representations she handed them to him, but only for the purpose of his collecting the money for her; that he did collect the money for her on the Williamson notes amounting to about the sum of six hundred and twenty-five dollars principal and interest, and that he from that time until his death refused either to return to her the said notes and papers or the money collected thereon or any part of it. The defendants Claude V. Lee and E. H. Lee filed their joint and separate answer averring that if any notes, bonds, securities, moneys or other valuables were delivered to any one as custodian or trustee and by him to be delivered to plaintiff such notes, etc., were as respondents believe, recalled by said E. C. C. Lee during his life time or were delivered directly to plaintiff and deny that any of such articles came into their possession, and aver that all transactions and accounts between plaintiff and E. C. C. Lee were by them adjusted, stated, settled and paid off during the life time of said Lee and deny each and

every allegation of the bills. Depositions were taken for the plaintiff and defendants, including the depositions of plaintiff and of defendants Claude V. Lee and E. H. Lee, and the cause was heard on the 25th of October, 1899, upon the bill and amended bill of complaint, exhibits, upon the bills taken for confessed as to L. E. Lee, executor of E. C. C. Lee, deceased, and in his own right, upon the said answer and replication thereto, upon the answer of guardian *ad litem* of Lionel Lee, infant, and general replication and upon the depositions, when the court decreed the payment to plaintiff of the note dated January 12, 1895, and due one year after date for one hundred and fifty dollars made by said E. C. C. Lee and by him delivered to plaintiff and which he afterwards fraudulently obtained possession of said note to deposit same in possession of Taylor who was to deliver same back to plaintiff and that after this E. C. C. Lee fraudulently obtained possession thereof from Taylor and failed to pay the plaintiff the sum called for or any part thereof and fraudulently appropriated the same to his own use and that no one has paid the plaintiff said sum of money or any part thereof and that he either destroyed said note or left the same with his papers at his death and that the same has not been re-delivered to plaintiff; that as to the other gifts claimed by plaintiff she is not entitled to recover the same because the donor never parted with the possession thereof and there is no legal proof of the existence of the debt of fifty-four dollars, and decreed the payment of the amount of said note and interest aggregating one hundred and eighty-four dollars and fifty-nine cents. The defendants appealed and say the court erred in decreeing in favor of plaintiff "because if E. C. C. Lee did execute his note on the 12th day of January, 1895, for one hundred and fifty dollars payable to the plaintiff, and due in one year, and delivered the said note to the plaintiff—it was not a gift, and if said note did exist under the circumstances and facts shown, the same could not be enforced at law or in equity, either against the maker, or against his estate after his death, except in the hands of a *bona fide* holder for value, without notice of the want of consideration," and further, that "the court erred in presuming the said note was dated as of the 12th day of January, 1895."

It is contended that the note for one hundred and fifty dollars was without consideration. The allegations of the bill all the way through while the note is spoken of as a gift at times,

are that the note was given in consideration of her long, faithful and valuable services to him, and letters of E. C. C. Lee all attest the fact that plaintiff remained with him long after the term of her apprenticeship terminated, and when she was about to leave his home more than two years after her time of service was up with him, because of the ill treatment she received at the hands of his two sons, he writes, "They and Ida have never agreed since my wife's death near seven years ago, and they seem to disagree more as time passes. For this reason Ida has decided to leave me. I don't know how I am to get along now. Ida has been a good, obedient, trusty, industrious child, has been more than good to me. I am very loth to lose her, but she says she cannot stay with the boys any longer." He afterwards induced her to return to his home and remained with him much of the time until in 1895. In one of his letters he admits that the note showed on its face that it was for work. From the tone of his letters it is clear that he recognized the fact that he was indebted to her over and above what he had done for her, and it is further plain that he failed to give her the schooling that he bound himself in the agreement under which he took her, to give her. Silas Taylor, his neighbor and it seems his confidential friend, testifies that he does not think that she went to school more than two or three terms and that was when she first came there, *when she was a little child,* and plaintiff testifies, "I only went to school part of two winters, shortly after I went there," and in some of his letters Lee speaks of her very deficient education. Claude V. Lee and E. H. Lee in their answer deny that the notes, bonds, securities, moneys, or other valuables which were recalled by E. C. C. Lee ever came to their possession or control but the executor, L. E. Lee, fails to answer the bill or deny that the said notes, etc., came to his possession. And further the said defendant L. E. Lee on the 14th day of June, 1900, filed his notice in this Court, served on the defendants Claude V. Lee and E. H. Lee, of motion to dismiss this appeal as to himself in his own right and as executor of E. C. C. Lee, and as to his infant child the defendant Lionel Lee, and in support of said motion filed his affidavit dated May 12, 1900, averring that he never made any defense in said cause either in his own right or as such executor, as shown by the final decree; that he never did in his own right or as executor or in any other way join in with his co-defendants or any of them in petitioning the Supreme

Court of Appeals for an appeal from said decree; that he did not learn until within the then last few days that even his name in his own right and that of executor or that of his infant child Lionel had been used in his co-defendants petition for an appeal; that it was all done without his authority, direction, knowledge, or consent and wholly repudiating the action of his co-defendants in appealing said cause, and that he did not either in his own right or as executor or of his child intend to involve himself or his decedent's estate or that of his child by having anything to do with prosecuting the said appeal or with any of the costs incurred in taking the appeal nor permit the same to be done if he could prevent it, and asked that the appeal be dismissed as to him in his own right and as executor and as to his child Lionel Lee at the costs of the real defendants in the cause. The motion was docketed but the cause was submitted before the motion was disposed of. E. C. C. Lee's own letters show that he got possession of the one hundred and fifty dollar note from plaintiff by representing that he wanted it that he might place it in the hands of Taylor to be kept for her, and by such representations induced her to give him possession of said note. The evidence in the case strongly tends to show valuable consideration for the one hundred and fifty dollars even aside from the admission of E. C. C. Lee, the maker, that the note itself showed it was for work.

As to the assignment that the court erred in presuming the said note of one hundred and fifty dollars was dated as of January 12, 1895. E. C. C. Lee on the 12th day of January, 1895, wrote plaintiff in which he says, "I enclose you my note for one hundred and fifty dollars due in one year," the presumption is raised at once that it is one year from that date, his letter enclosing the note is dated January 12, 1895, and says the enclosed note is payable in one year, besides plaintiff testifies that the note is dated January 12, 1895, and she is competent to testify to that fact; her testimony could not be to the prejudice of the executor, heirs, or estate; the letter of the maker of the note says it is "due in one year." If the note bore date before the date of the letter, fixing the date January 12th would be to the benefit of the maker to the extent of the difference in the dates. The note was later in the possession of E. C. C. Lee and by him destroyed or left among his papers and passed into the hands of his executor who is a party to this suit and fails to account for the note either

by answer denying that it came to his possession or by his deposition. It is further claimed that the court erred in rendering the final decree because if the note for one hundred and fifty dollars was ever at any time a legal demand against E. C. C. Lee the same had been paid as shown by receipt of November 12, 1895, shown in the record. Plaintiff returned to Lee's house in April, 1895, after the date of note and worked for him several months for which time he paid her something for her work. On the 12th of November follownig plaintiff gave him a receipt for twenty-five dollars "in full of all dues and demands to date." This receipt shows a settlement to that date of matters between them and due to that time. The note was not yet due and could not then be demanded and if it had been intended to cover the note it should and would have been mentioned as an outstanding note not due that was brought into the settlement. There were current dealings between plaintiff and E. C. C. Lee which were settled at that time; the note for one hundred and fifty dollars not being yet due or payable. Appellee files a cross assignment of error, in that the court failed to find that the two Williamson notes of two hundred and fifty dollars each and their money value belonged to plaintiff and to decree to her their value and interest from their date June 24, 1891. The only gift of these notes proven is their delivery to Silas Taylor, who says in his testimony that Lee marked on the back of the envelope enclosing the notes, "This is for Ida Lee when I am gone, if not called for sooner." This was a qualified delivery and subject to recall by himself at any time, the words "if not called for sooner" could only refer to himself or his order. It was further shown by the same witness that Lee afterwards called for the papers and he delivered them to him. See *Marshall* v. *Russell*, 1 Am. & E. Dec. in Eq. 560 (Tenn.), and cases there cited. It is shown only by the testimony of plaintiff herself that Lee afterwards delivered the notes to her saying, "Ida, here are the notes that Silas Taylor had for you, take them up stairs and lock them up safely in your trunk so that the boys cannot get them;" and says that she took the notes and locked them up in her trunk as he had told her to do. This delivery by Lee directly to plaintiff of the Williamson notes was witnessed by no third party, the two were alone. While we may have no doubt of the truth of the statement and of the fact that Lee intended to give plaintiff the notes and did deliver them to her as stated by her, yet the plain-

tiff, under section 23, chapter 130, Code, is wholly incompetent to prove such delivery and gift, and for want of legal proof plaintiff's claim to the Williamson notes must fail. We see no error in the judgment and the same is affirmed. The costs and damages, in this Court, of appellee to be paid by the appellants Claude V. Lee and E. H. Lee or by the executor of E. C. C. Lee for them out of their portion of the estate of the said E. C. C. Lee.

*Affirmed.*