JOHN S. WRIGHT *et al.*, Plaintiffs in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The City of Chicago has no authority to levy special assessments for deepening the river.

THIS was an application for judgment against certain property, for non-payment of a special assessment, levied by the common council of the city of Chicago, upon said property, for dredging or otherwise deepening the Chicago river and its branches, between the west line of Franklin street, north line of Lake street, north line of Kinzie street, and the established dock lines, and which assessment was ordered by said common council, upon the report and recommendation of the city superintendent of said city of Chicago. There was an order of sale

under the assessment, of certain lots benefited, the owners of which lots sue out this writ of error.

W. B. SCATES and S. W. FULLER, for Plaintiff in Error.

E. ANTHONY, for Defendant in Error.

CATON, C. J.   We have arrived at our conclusion in this case with reluctance.   That there is as much propriety in requiring the owners of property benefited by the deepening of the harbor, to pay the expense of the improvement, as there is in requiring those benefited by widening it, or improving a street, would seem to be self-evident.   To say that the owner of a dock which is useless because of the want of water to bring vessels to it, shall not pay the expense of deepening the harbor in front so as to make it valuable, while the owner of a lot shall be compelled to pay for paving the street in its neighborhood, we cannot doubt is unjust, and had we the making of the laws, we could not hesitate to affirm this judgment.   Our duty is confined to finding out what the laws are, and expounding them. It is admitted in the argument, for it could not be denied, that there is no provision in the city charter and no law upon the statute book authorizing special assessments to deepen the river, and it cannot be pretended that they are authorized by the common law.   The city government has express authority to raise funds by general taxation for general purposes.   Its has general authority by the second clause of the fourth section of the fourth chapter of its charter, " to remove and prevent all obstructions in the waters which are public highways in said city, and to widen, straighten and deepen the same," and by the fifty-third clause of the same section, very ample jurisdiction over the harbor is conferred upon the city government, and the extent of the harbor is defined.   By the fifty-fourth clause of the same section, exclusive control is given to the city government over the streets, alleys, side-walks and bridges of the city, and to open, widen and straighten the same, and to put drains and sewers therein.   By conferring these powers, it was not supposed by the legislature that authority was given to levy special assessments upon the property benefited thereby to pay for such improvements.   If this were not sufficiently manifest from the fact that these provisions are silent about any such authority, it becomes so when we see that by other provisions of the charter express authority is given to levy such special assessments to defray the expenses of a part of such improvements. The sixth and seventh chapters of the charter are devoted to

the subject of the improvements of streets, etc., and defines for what improvements special assessments may be laid upon the property benefited, and the mode of levying and collecting them, the particular provisions of which it is unnecessary to state. It is enough that the legislature deemed it necessary to make special provisions, granting particular authority to levy special assessments for certain specified improvements. It shows that there was no intention to grant authority to make such special assessments by simply conferring authority to make the improvements. This view is more especially confirmed, if possible, by the fact that the legislature has, by a separate clause, conferred special authority upon the common council to levy special assessments upon property benefited thereby, for *widening* the river. This is found in the fifth section of the act of 27th February, 1845, concerning wharfing privileges in Chicago, and which is substantially an amendment to the city charter. That section authorizes the common council to widen the Chicago river and its branches within the city, by cutting away lots and streets on its borders, and " such proceedings shall be had for the condemnation and appropriation of such lot or lots or part of a lot, and the assessment of damages and benefits, as are authorized and directed by the act to incorporate the city of Chicago and the acts amending the same, for the opening of streets and alleys; and the provisions of said act shall apply to the widening of said river and its branches so far as they are applicable." This evidently refers to and adopts the sixth chapter of the city charter, the tenth section of which expressly authorizes special assessments upon property benefited by the improvement. While we thus find a special provision authorizing, by a fair and reasonable construction, special assessments to widen the river, there is no authority any where to be found even by implication, for such assessments to deepen the river, and this special provision in the one case and not in the other, by every known rule for construing statutes, is a clear indication of the legislative will, that no such power was intended to be granted in the case omitted. We must hold then that this special assessment was void for the simple reason that the legislature has not seen proper to confer any authority to levy it. Without law it could not be done.

The judgment must be reversed.

*Judgment reversed.*