Decided at PENDLETON, July 18, 1896.

## IVANHOE *v.* CITY OF ENTERPRISE.
[45 Pac. 771.]

LOCAL IMPROVEMENTS—ABUTTING OWNER—PERSONAL LIABILITY.—Under a charter authoring a city to improve and repair streets at the expense of the owners of the lots abutting upon such improvements, the city cannot recover a personal judgment against such owner, but the expense is a charge only upon the abutting property.

From Wallowa: ROBERT EAKIN, Judge.

This is an appeal from the judgment of the circuit court on review of proceedings in an action at law brought by the City of Enterprise before its recorder, sitting as a justice of the peace, against Messrs. Ivanhoe and Sheahan the plaintiffs herein, to recover the sum of three dollars, being the cost to the city of the construction of a surface drainway or gutter in the public street in front of the plaintiffs' property. On June twenty-second, eighteen hundred and ninety-four, the city provided by ordinance for the construction of surface drainways or gutters on certain streets, the cost of construction and repair thereof to be paid in the first instance by the city, but the ordinance further provided

that "the owner or owners of any lot, lots, or parts of a lot facing upon said improvement, shall pay all the cost of making and keeping in repair such portion of such improvement as may adjoin and face upon his or their lot, lots, or parts of a lot, within ten days after the completion of said improvement, and thereafter for said repairs within ten days from the time so made, which said amounts to be paid by the said owner or owners shall be collected by the city marshal, and turned over to the city treasurer, and if any such owner or owners of such lot, lots, or parts of a lot shall neglect or refuse to make payment after the same shall become due as herein provided, the same shall be collected by action at law in the name of the City of Enterprise." The drains were constructed and paid for by the city, as provided in the ordinance, the cost of constructing the same along and in front of plaintiffs' property being three dollars. This remaining unpaid, the city brought an action at law to recover the same, resulting in a judgment in favor of the city, which was affirmed on review by the circuit court, and plaintiffs appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Messrs. Ivanhoe and Sheahan in pro. per.*

For respondent there was a brief and an oral argument by *Mr. C. H. Finn.*

Opinion by MR. CHIEF JUSTICE BEAN.

Several interesting questions have been presented

and ably argued by counsel, but we shall only notice one which we deem decisive of the case. It is contended by plaintiffs that the personal judgment against them is void for the reason, among others, that a tax or assessment for local improvement can, under the charter of the city, be made a charge only upon the property benefited, and not against the owner personally, and in our opinion this position is well taken. It is extremely doubtful whether a statute creating or authorizing a personal liability against a landowner for local improvements can be upheld on constitutional grounds: 24 Am. and Eng. Ency. of Law, 77; Elliott on Roads and Streets, 400; *Taylor* v. *Palmer*, 31 Cal. 240; *City of St. Louis* v. *Allen*, 53 Mo. 44. But, whether it can or not, it is clear that in the absence of express legislative authority, a municipality cannot compel, by means of a personal judgment, the property of a citizen not specially benefited, to contribute to the cost of such an improvement, and a general power to levy and collect taxes for city purposes is not sufficient to authorize it to do so: 24 Am. and Eng. Ency. of Law, 77; *Green* v. *Ward*, 82 Va. 324; *Neenan* v. *Smith*, 50 Mo. 525; *City of Seattle* v. *Yesler*, 1 Wash. Ter. 575. Now, the City of Enterprise is, by its charter, authorized to provide for the "construction, cleaning, and repairing of sidewalks, crosswalks, and gutters"; and also to provide "for the grading, paving, planking, or otherwise improving, repairing, and cleaning streets, alleys, and walks at the expense of the owner or owners of the lot or lots facing such improvements"; "to erect,

regulate, construct, and keep in repair public bridges and highways; to provide for the removal of standing water and unwholesome and offensive substances, and secure the health, peace, and improvement of the city," etc.    But neither of these provisions empowers it to make the cost thereof a personal charge upon the owner of abutting property.    The general grant of power to construct gutters; to regulate, construct, and keep in repair highways; to provide for the removal of standing water, and unwholesome and offensive substances, and to secure the health, peace, and improvement of the city, does not authorize the levying of special assessments against abutting property: *Wright* v. *City of Chicago*, 20 Ill. 252; *Mayor of Annapolis* v. *Harwood*, 32 Md. 471 ( 3 Am. Rep. 161 ).    And the power to improve streets at the expense of the owner or owners of the lot or lots facing such improvements, under the well settled rules for the construction of municipal charters, cannot be held to empower the city to make the cost of such improvements a personal charge against the owner.

A municipality can only exercise the power of taxation when the right to do so is given in clear and unmistakable terms, and in construing its charter reference must be had to the object and purposes of the grant, and it will never be presumed that the legislature intended to authorize an unreasonable or unjust proceeding, unless its intention to do so is indicated in express terms.    Taxes or assessments for local improvements are supported on the theory that the property charged is so situated

as to be specially benefited by the improvement, and hence, as an equivalent for its enhanced value, is made to bear the burden.   But the other property of the owner is only affected by the improvement in the same manner as the property of all other citizens of the community, and it would be unjust and inequitable for it to be compelled to contribute to the expense of such improvement if the latter does not. When, therefore, the statute declares that the improvement may be made at the expense of the owner of abutting property, it must be understood to mean at his expense by making it a charge upon his property so abutting, and not a personal liability enforcible by an ordinary action at law.   The whole theory of local assessments confines it to the property benefited, for, if the owner is personally liable, it is not only a local assessment, but also a general one, as against him, as his property, whether situated within or without the city, may be taken in satisfaction thereof.   It follows, therefore, that the judgment of the court below must be reversed, and this cause remanded, with directions to enter a judgment annulling and declaring void the said judgment of the recorder acting as a justice of the peace against these appellants.                                REVERSED.