Argued October 30, modified November 21, 1916.

## PARKER v. HOOD RIVER.*

(160 Pac. 1158.)

**Statutes—Charter—Effect of Partial Invalidity.**

1. A provision in a city charter for personal liability on an assessment for municipal improvements, if invalid, does not vitiate the charter in other respects.

[As to effect of partial invalidity of statute, see note in Ann. Cas. 1916D, 9.]

**Estoppel — Municipal Corporations — Public Improvements — Assessments.**

2. A city is not estopped by unauthorized false statements of the city recorder as to the probable cost of an improvement from enforcing the assessment for the improvement.

**Municipal Corporations—Public Improvements—Assessments—Irregularities—"Waiver."**

3. An express waiver, in a bond given under Section 3245 et seq., L. O. L., on application to pay an assessment for a municipal improvement under the terms of that act, of irregularities or defects in the proceedings for the improvement, does not affect a supplemental assessment therefor levied long after, of which the party could have no knowledge, since a "waiver" exists only when one, with full knowledge of material fact, does or forbears to do some-

———

*Authorities discussing the question of source of power to create a liability for local assessment for public improvements are gathered in a note in 35 L. R. A. 58.                    REPORTER.

thing inconsistent with the existence of the right or of his intention to rely on that right.

**Municipal Corporations — Public Improvements — Assessments — Validity.**

4.  An assessment of $485.44 for a street improvement, the estimated cost of which was $255, being an excess of more than 90 per cent over the estimate, is so unreasonable as to invalidate it.

From Hood River: WILLIAM L. BRADSHAW, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This is a suit by F. E. Parker against the City of Hood River, a municipal corporation, E. H. Hartwig, as mayor of the City of Hood River, and H. B. Langille, as recorder of the City of Hood River, and Robert Lewis, as marshal of the City of Hood River, to enjoin a sale of plaintiff's property in the City of Hood River in payment of certain special assessments against the same for the improvement of State Street, upon which such property fronts.   From a decree dismissing the suit, plaintiff appeals.          MODIFIED.

For appellant there was a brief and an oral argument by *Mr. S. W. Stark.*

For respondent there was a brief and an oral argument by *Mr. George R. Wilbur.*

MR. JUSTICE BENSON delivered the opinion of the court.

The history of this case as developed in the record is about as follows: Early in 1910 the common council of the City of Hood River determined to improve State Street from the west line of Sixth Street to the east line of East Second Street, and called upon the city engineer for an estimate of the probable cost. This having been supplied, the city notified plaintiff of the proposed improvement, that the estimated cost

as to his property was $255, and notified him to apply for a permit, under the provisions of an ordinance, in the event that he wished to do the work himself. Plaintiff did not take any steps to do the work himself, so a contract was let for the improvement by the city, and on September 19, 1910, an ordinance was approved which declared the cost of the work and assessed the property of the plaintiff therefor in the sum of $292. Thereafter, on October 6, 1916, plaintiff and his wife made written application to pay such assessment under the terms and conditions of the "Bancroft Bonding Act" (Section 3245 et seq., L. O. L.), in which application, conforming to the terms of the statute, occurs the following:

"We, Frank E. Parker and Pearl J. Parker, hereby expressly waive all or any irregularity or defect, jurisdictional or otherwise, in the proceedings to improve said street, or lay said sewer, and in the apportionment and assessment of the cost thereof on the property affected thereby. * * "

On May 11, 1911, the city recorder notified plaintiff of a supplemental assessment in the sum of $193.44, making the total assessments upon plaintiff's property the sum of $485.44. The property upon which this burden rests is a residence lot with a frontage of 47½ feet on State Street.

1. Plaintiff insists that these assessments are invalid by reason of the fact that the charter of the city contains the following clause:

"And from the time of the entry therein of an assessment against any property the sum so entered is to be deemed a tax levied and a lien against said property, and all other property within the City of Hood River then or thereafter owned by such person."

It is argued that this clause, in effect making the assessment a personal liability, is unconstitutional.

The validity of such a provision has never been passed upon by this court; the only reference thereto which we have found being in the case of *Ivanhoe* v. *Enterprise,* 29 Or. 245 (45 Pac. 771, 35 L. R. A. 58), wherein Mr. Chief Justice BEAN says:

"It is extremely doubtful whether a statute creating or authorizing a personal liability against a land owner for local improvements can be upheld on constitutional grounds."

It was not necessary to a decision of the case then pending, nor is it material in the case at bar; for, even if such a provision violates the Constitution in any particular, it would only vitiate the charter to that extent and no further: *State* v. *Wiley,* 4 Or. 184; *Fleischner* v. *Chadwick,* 5 Or. 152.

2. In this case there is no attempt shown to subject any property to the burden of the lien other than that abutting upon the improvements.   Plaintiff urges that he was misled by false representations of the city's agent as to the probable cost of the improvement, but the evidence discloses this to have been some loose statements in a conversation by the city recorder, and our attention has not been called to any authorities which would make the city responsible for unauthorized statements of an officer outside the scope of his authority, and these allegations can have no effect in our consideration of the case.   We conclude that, so far as the first assessment is concerned, the plaintiff is estopped to complain of any irregularities in connection therewith by reason of his express waiver in the application to pay the same under the provisions of the bonding act.

3. The waiver, however, does not effect the supplemental assessment levied long after, for "a waiver exists only when one with full knowledge of a material

fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right'': 40 Cyc. 259.  In this case the plaintiff could not know that there would be another and additional assessment, and therefore did not waive his right to contest the validity thereof.

4. Plaintiff contends very strenuously that the assessments are so greatly in excess of the estimates that he. was misled thereby to his injury, and, as to the supplemental assessment, we think there is merit in his contention.  It will be recalled that the estimated burden upon plaintiff's property was $255.  If the last assessment be upheld, the actual cost will be more than 90 per cent in excess of such estimate.  We think this is so excessive a variance as to be unreasonable in the light of the doctrine set forth in *Miller* v. *Portland,* 78 Or. 165 (151 Pac. 728).  The views herein expressed render a discussion of the other questions involved unnecessary.

The decree will be modified to the extent of enjoining the city from enforcing any lien as to the second assessment of $193.44; neither party to recover costs in either court.        MODIFIED.