T. F. Houston *v.* C. E. Lawhead, *Receiver*

(CC 529)

Submitted November 19, 1935. Decided December 3, 1935.

*John P. Arbenz*, for plaintiff.
*John C. Hopkins*, for defendant.

HATCHER, JUDGE:

This action involves the liability of one who assigns a note *without recourse*. The plaintiff is the assignee of the note and the Bank of Cameron is the assignor. The plaintiff apprised the receiver of the Bank by a notice in writing that a motion for judgment on the note against him would be made in the circuit court of Marshall County. A demurrer to the notice was overruled and its sufficiency certified here.

The notice alleges that for value received the Bank of Cameron assigned to the plaintiff in November, 1927, without recourse, a demand note of Aleppo Township in the State of Pennsylvania, dated July 30, 1927, and payable to and at the Bank; that the note was executed by three named individuals, signing as supervisors of the Township; that during 1930 the plaintiff made several fruitless demands of payment at the Bank; that afterwards he sued the Township on the note in the common pleas court of Greene County, Pennsylvania, where he was denied judgment (in July, 1934), on the ground

that the note was not executed in conformity with the constitution and the laws of Pennsylvania and was invalid; and that he then demanded payment of the note of the receiver of the Bank, which was refused.

The demurrer itself lists a number of points against the notice, but demurrant's brief relies upon only "three principal points," which for the purpose of this opinion are discussed under two, as follows:

1. The demurrant contends that the Bank is not liable on the note because the assignment was made without recourse, and if not for that reason, because the plaintiff has not exhausted his remedies for recovery against the Township.

The Negotiable Instrument Law, Code 1931, 46-5-6, provides that a person negotiating a note by a qualified indorsement, nevertheless warrants "That the instrument is genuine and in all respects what it purports to be." This warranty engages that the instrument assigned is valid. *Institute* v. *Siers*, 68 W. Va. 125, 127-8, 69 S. E. 468; Annotation, Ann. Cases 1912A, 924; Daniel on Neg. Insts. (7th Ed.), sec. 743; 8 C. J., subject Bills and Notes, sec. 584. A note transferred without recourse does not exempt the transferor from liability on the warranties imposed by the Negotiable Instrument Law. *Lutz* v. *Matheny*, 208 Ill. App. 40; Daniel, *supra*, page 772. The note herein, according to the judgment of a Pennsylvania court of competent jurisdiction, was not a valid note of Aleppo Township, which, under the allegations of the notice, *the note purported to be.* Consequently the plaintiff could rescind and recover the purchase price paid for the note. 55 C. J., subject Sales, sec. 1065.

The demurrant raises the two questions, (a) whether or not the note is made by the Township or by the three individuals who signed as supervisors of the Township, and (b) the ultimate right of the holder of the note to recover of the Township in assumpsit *for money had and received* under such decisions as *Ohlinger* v. *Township*, 312 Pa. 289, 167 A. 882, 90 A. L. R. 1227.

(a) The law of Pennsylvania seemingly requires no special formality in the execution of the note of a township (see Pennsylvania Statutes, sec. 6470, and *Georges Township* v.

*Trust Co.*, 293 Pa. 364, point 23 syl., 143 A. 10). Since the notice alleges the instant note to be that of Aleppo Township, and no Pennsylvania authority is cited by demurrant showing that a township does not sign a note in the manner this note is allegedly signed, it will be treated (on demurrer) as that of the Township. (b) The Bank did not warrant that some-time in some way plaintiff would obtain his money from the Township. On the contrary, by the words "without recourse" the Bank declined to underwrite payment by the Township. Daniel, *supra*, page 771. It is illogical that an obligation specifically repudiated by the Bank should control another obligation specifically imposed on it by law. Hence, plaintiff's right to maintain this proceeding depends not at all upon his ultimate failure to collect from the Township.

2. The demurrant further contends that if he is liable on the note, assumpsit and not notice of motion for judgment is the proper remedy. He relies on such cases as *Schaffner* v. *Supply Co.*, 80 W. Va. 111, 92 S. E. 580, and *Hoge* v. *Ward*, 109 W. Va. 515, 155 S. E. 644. Those cases do not hold that assumpsit is an exclusive remedy when damages for the breach of a warranty are waived, but merely that assumpsit is a proper remedy. Whether a warranty is express or implied, it is incidental to a contract and is itself essentially contractual. 55 C. J., subject Sales, secs. 668 and 671; 24 R. C. L., *idem*, sec. 425. "An implied warranty is an implied contract," said Judge Maxwell, speaking for the court in *Hoge* v. *Ward, supra,* page 522. Here, the demand is not for whatever damages plaintiff may have suffered because the note was invalid, but solely for the purchase price of the note under the contract of warranty, a money demand pure and simple. Code 1931, 56-2-6, provides: "Any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action obtain judgment for such money after not less than twenty days notice," etc. The test of this provision *is the right to recover money by an action on a contract.* In other words, if a person is entitled to recover money on a contract in an existing law action, he is, by this provision, also entitled to recover on motion. The statute simply provides an alternative remedy.

Therefore, the designation of assumpsit as a proper remedy necessarily makes its statutory alternative also a proper one.

In connection with this point demurrant's brief raises the statute of limitations. The brief rightly contends that the alleged breach of warranty arose immediately upon the transfer of the note in November, 1927. Bigelow on Bills, Notes, etc. (3d Ed.), sec. 291; Wood on Limitations (4th Ed.), sec. 144a; 37 C. J., subject Limitations, secs. 186, 190. The brief then relies on *Bank* v. *Spates,* 41 W. Va. 27, 32-33, 23 S. E. 681, which holds that an action on the implied warranty of the validity of an instrument is not an action on a written contract, and must be brought within five years, the statutory limitation on "other contracts." See Codes 1891 and 1923, chapter 104, sec. 6. It is now a settled principle of our jurisprudence that legal rules affecting contracts enter by implication into and form a part of every contract as fully as if specifically expressed therein. *State* v. *Nutter,* 44 W. Va. 385, 30 S. E. 67; *Carlton Co.* v. *Rr. Co.,* 106 W. Va. 126, 133, 145 S. E. 42; *State* v. *Ins. Co.,* 114 W. Va. 109, 170 S. E. 909, 91 A. L. R. 1482; *Huntington Corporation* v. *City of Huntington,* 115 W. Va. 531, 177 S. E. 290. The statute (46-5-6) governing the instant indorsement says: "Every person negotiating an instrument * * * by a qualified indorsement, warrants," etc. The statute is mandatory. The warranties it imposes are usually if not invariably omitted from an indorsement "according to the custom of merchants and for convenience of commerce." *Martin* v. *Cole,* 104 U. S. 30, 37, 26 L. Ed. 647. Mr. Wharton, Evidence, sec. 1059, laconically describes an indorsement as "but a shorthand expression of the contract." Mr. Daniel, *supra,* sec. 811, concurs: "When it appears from an inspection of the paper that the party is an indorser, there seems to us no just ground for the distinction taken between the implied contract arising from his mere name thereon written and contracts written out *in extenso.* The indorsement seldom consists of anything more than the indorser's signature; but if the agreement imported by that signature were written over it in full, the undertaking of the indorser would not be more clearly defined than it is by the signature itself." Breach of a mandatory warranty of in-

dorsement is therefore the breach of a written contract, and the limitation of an action thereon is ten years. "A promise implied by law from whatever is written, is a written contract within the ten-year Statute of Limitations." *Ins. Co.* v. *Trust Co.*, 219 Mo. App. 645, 284 S. W. 834. Accord: *Roebling's Sons Co.* v. *Power Co.*, 145 Ga. 761, 762, 89 S. E: 1075; *Hartzell* v. *Ry. Co.*, 218 Ill. App. 553, 557; *McGill* v. *Cockrell*, 88 Fla. 54, 101 So. 199; *Deering & Co.* v. *Miller*, 29 O. Cir. Ct. 259.

Accordingly point 3 of the syllabus in *Bank* v. *Spates*, *supra*, (holding that the limitation in such case is five years) is disapproved.

The ruling of the circuit court is affirmed.

*Affirmed.*