Cameron Bank *v.* Aleppo Township, Appellant.

Argued March 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*W. Robert Thompson,* with him *W. C. Montgomery,* for appellant.

*A. A. Purman,* with him, *John C. Hopkins,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 6, 1940:

This is an action for money had and received brought by the receiver of a West Virginia bank against the Township of Aleppo, a township in Greene County,

which borders on the West Virginia line. The suit resulted in a directed verdict for plaintiff, from the judgment on which the township appeals.

The events which produced the pending action are these: The supervisors of Aleppo Township, desiring to improve a road within its confines, the continuation of which led to Cameron, West Virginia, applied to the Bank of Cameron to lend it money to modernize the highway. The bank agreed and on April 19, 1926, advanced to the township $2,000; on November 15, 1926, $6,000; on December 21, 1926, $1,200, and on April 27, 1927, $2,000. For these loans the township gave the bank its demand negotiable promissory notes. July 30, 1927, these four notes were consolidated into one for $11,200, likewise payable on demand. At all times the township was within the two per cent debt limit. November 2, 1927, for full value the bank sold and assigned this note to T. F. Houston "without recourse." All the notes remained in the possession of the bank, which collected the interest due and credited it to Houston's account. Interest was paid on the note to April 30, 1930, which was within six years of the commencement of this suit.

Default having taken place in payment of the $11,200 note, Houston brought suit against the township, which defended on the grounds that it had failed to comply with Article IX, Section 10 of the Constitution, requiring that, when a debt is incurred, an annual tax must be provided sufficient to pay the interest and principal within thirty years, and because the township did not file a financial statement as required by the Act of April 20, 1874, P. L. 65, 53 PS Sec. 1872, and its supplements. The court held there could be no recovery on the note.

Thereafter Houston brought suit in the Circuit Court of Marshall County, West Virginia, against the bank and its receiver and recovered judgment, on the breach of the implied warranty of the genuineness of the note, for the full amount of his claim. This judgment was af-

firmed by the Supreme Court of Appeal of West Virginia, *Houston v. Lawhead, Receiver,* 116 W. Va. 652, 182 S. E. 780.

Following the affirmance of this judgment, the successor receiver of the bank brought the action we are reviewing against the township for the money it received and had and, as before stated, the court gave binding instructions for plaintiff.

The township presents to us three propositions upon one or all of which it argues judgment should be entered in its favor: (1) The note made by it having been assigned to Houston and he having brought suit against the township and the township having recovered judgment, the bank cannot maintain the present suit for money had and received and is concluded by the suit on the note. (2) The action for money had and received will not lie, the original lender having assigned the note to a third person and received payment therefor in full. (3) The payment of interest on the note to the assignee does not toll the statute of limitations in favor of the bank in this action for money had and received.

In connection with these propositions, two facts are to be carried in mind. (a) While the bank received full value from Houston, when it assigned the note to him, in his action against the bank on the implied warranty of the validity of the paper, he recovered from the bank what he had paid. (b) The payment of interest on the note was made to the bank and thus acknowledgment was made that the indebtedness was unpaid.

There can be no question that in Pennsylvania, where a municipality issues an express contract or formal obligation which is void because of the failure of its authorities to comply with the constitutional and statutory requirements here involved, an action for money had and received by the lender of the money will lie. There is an implied obligation resting upon the municipality to pay back what was lent to it in good faith: *Ohlinger v. Maidencreek Township,* 312 Pa. 289, 167 A. 882.

Appellant's first proposition that the action brought by Houston is res adjudicata of the present suit is not maintainable because the causes of action are not the same; that suit was on the invalid note, this is for the money lent. To constitute res adjudicata there must be: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made: *Bennett, Trustee, v. Erwin,* 325 Pa. 330, 189 A. 675. Here there is not identity of the cause of action.

As to appellant's second proposition, that the bank having assigned the note to a third person and received payment in full, the action for money had and received will not lie, it would seem sufficient to say that the bank had assigned an invalid obligation and was compelled to make restitution of the money paid for it; the bank, therefore, did not receive payment in full.

Coming to appellant's third proposition, that the statute of limitations is a bar to the action, it is admitted that interest was paid to a date within the statutory period, but it is said this interest, while paid to the bank, went to Houston. But the township by paying the interest acknowledged owing the debt and as it turned out, it was owed to the bank which had lent the money, not to Houston. The township repudiated any indebtedness to him. We are of opinion that under the situation here appearing, the payment of interest was an acknowledgment of the debt and prevents the statute from running against the bank which had a valid claim for the money it lent, aside from the piece of paper evidencing it, which under the law was invalid.

The township is endeavoring to escape payment of an honest debt. There is an abundance of authority to prevent it from doing so: *Long v. Lemoyne Boro.,* 222 Pa. 311, 71 A. 211; *Ohlinger v. Maidencreek Township,* 312 Pa. 289, 167 A. 882.

Judgment affirmed.