THE CITY OF MOUNDSVILLE, *a Municipal Corporation v.* MARTIN BROWN *et al., Trustees, etc.*

(No. 9457)

Submitted April 13, 1943. Decided June 1, 1943.

*Clinton Rogerson* and *Walter A. McGlumphy,* for plaintiff in error.

*Martin Brown,* for defendants in error.

KENNA, JUDGE:

This proceeding by way of notice of motion for judgment was brought in the Circuit Court of Marshall County by the City of Moundsville against Martin Brown and W. Foss Curtiss, Trustees for the waiving depositors of Marshall County Bank, for the purpose of recovering the sum of three hundred fifteen dollars and forty cents ($315.40) alleged to be "the aggregate of certain assessments or levies, together with the interest due thereon, made and levied against certain parcels of land situated within said municipality, the title to which is vested in you, for the purpose of liquidation, by virtue of a certain Public Works Administration street paving project initiated and carried to completion during the year 1939 by said municipality, pursuant to the provisions of Article 4-A of Chapter 8 of the Code of West Virginia—Chapter 68 of the 1935 Acts of West Virginia Legislature—whereby said properties were improved by the laying of said paving adjacent thereto and fronting thereon, the compensation for the services so rendered having been fixed and established by an ordinance duly enacted by the governing body of said municipality on the 27th day of March, 1939, * * * ". The notice then proceeds to refer to certain lots by number in three different additions to the City of Moundsville and the fact that the levies or assessments, the aggregate of which is sought to be recovered, are past due and unpaid.

Upon the return day the defendants appeared and filed a demurrer in writing to the notice assigning seventeen specific grounds, in which the plaintiff joined, and upon final submission the Circuit Court sustained the demurrer, and, the plaintiff not wishing to amend, dismissed the proceeding. Upon plaintiff's application this appeal was granted.

The initial question to be disposed of under the demurrer is whether under Code, 56-2-6, the proceeding by way of notice of motion for judgment, therein restricted to recovery enforceable by action on contract, can be

maintained against the owners of real estate when their land is subjected to a charge to defray the cost of street paving as provided in Chapter 68 of the Acts of 1935, the specific section granting to municipal authorities power to provide for the retirement of revenue bonds issued to defray the cost of a public work constructed under that Act by imposing rates or "charges" to be paid by the persons using the work or receiving the services thereof being Section 17, this Court having construed the word "charges" as used in that section to include a special assessment against real estate. *The Duling Brothers Company et al.* v. *The City of Huntington*, 120 W. Va. 85, 196 S. E. 552. The notice herein contains an averment that the City of Moundsville on the twenty-seventh day of March, 1939, enacted an ordinance imposing the charges sought to be collected, making them payable on the fifteenth day of January, of the years 1940, 1941, and 1942.

We do not wish to be understood as now definitely passing upon the question of whether the provisions of Chapter 68 of the Acts of 1935 impose, or authorize a municipality to impose, a personal liability upon the owner of lots abutting upon a street improvement due to the fact that in our opinion this question is not reached in this proceeding for reasons that will be hereinafter discussed. See *Ivanhoe* v. *City of Enterprise*, 29 Ore. 245, 45 P. 771, 35 L. R. A. 58.

Unfortunately the Act defines "municipal public works" as including and subjecting to its provisions on an equal footing, improvements which, from the standpoint of yielding a return, are essentially different, such as hospitals and street paving. In no case does it expressly couple a personal liability with the special assessment against property, which we have held under the Act may take the place of what may be called the earnings of the improvement. It is true that it speaks of the assessment the municipalities are authorized to lay as being recoverable in a civil action. No ordinance of the City of Moundsville is before us and the notice of motion contains no allegation that personal liability has been in any manner

imposed. Section 27 of the Act provides that the Act being necessary for public health, safety and welfare shall be liberally construed to effectuate its purposes. Of course, the provision that the assessment can be recovered in a civil action indicates an assumption on the part of the Legislature that the Act itself creates personal liability, which, coupled with a liberal construction, in case of an ambiguity, would tend toward the conclusion that when a municipality complies with its provisions the Act does create such liability. However, before a rule of construction can be invoked the situation requiring its use must be ascertained to exist. So we think the rule does not apply here for the simple reason that there is no provision of the Act before us for construction. A provision imposing personal liability cannot be supplied by implication and then be construed to create a contractual obligation, such as is required to form the basis for a notice of motion proceeding. It may be said that the language of the Act otherwise is based upon an assumed provision imposing personal liability. If such a provision, or an approach to such a provision, is found in the Act there might be something for the rule of construction to operate upon. There being none, the rule cannot be invoked.

As a practical matter it would seem that from the language used in the Act giving rise to the idea that it was the intention of the Legislature to create personal liability, it is just as reasonable to suppose that those parts of the Act referring to recoveries in civil actions and like phrases were originally coupled with, and that the Act as introduced did contain, an express provision creating personal liability, but that that provision alone was later stricken from the Act by amendment.

When we consider these different points of view and also consider the fact that the creation and levying of special assessments is an exercise of the taxing power of the State, although under the wording of the Act the cost must be provided by means "other than taxation", and that tax acts under the holdings of our courts with-

out exception are to be strictly construed, we are forced to the conclusion that the notice now before us alleges no personal liability, and that for that reason notice of motion for judgment does not lie.

Supposing, however, that a personal liability is created by Chapter 68 of the Acts of 1935, would that fact then create a contractual obligation the recovery under which could be sustained in a notice of motion for judgment proceedings? There is an abundance of authority dealing with the question of the validity and effect of special assessments seeking to impose personal liability to pay the cost of public improvements. See monograph in 127 A. L. R. 551. In this State the validity of statutes imposing that liability has been sustained but we have also, at least by unequivocal obiter, clearly stated that the liability cannot exceed the value of the property benefited and assessed. See *The City of St. Marys* v. *Locke,* 73 W. Va. 30, 80 S. E. 841. Although the question is not now before us, we see no reason for modifying what has been said in the *Locke* case and, to the contrary, are under the impression that that is in accord with the full weight of authority. According to that line of reasoning the enforceable personal liability cannot be based upon the amount of the special assessment nor the value of the improvement, except in so far as it can be determined by the value of the improved land. Under the statement in the *Locke* case the owner is clearly not chargeable with a deficit occasioned by a sale of the land not realizing enough to discharge the assessment. Therefore, we are of the opinion that a special assessment that creates a personal liability, does not rest that liability upon a contractual relationship such as is contemplated by Code, 56-2-6. It seems that the only possible way that the conclusion that it was could be sustained would be to say, in effect, that the laying of a special assessment imposes a personal obligation upon the property owner to pay to the assessing body the full value of his land if the assessment equals that amount, the limit of his personal liability not necessarily being fixed by the assessment,

but by the full value of the property assessed. Certainly, this is not the kind of an implied contract created by law that would sustain a recovery in a notice of motion for judgment proceeding, in spite of the fact that a clear majority of the cases sustains it as a valid exercise of the taxing power. We think a more comprehensive remedy should be invoked.

A number of cases have sustained the recovery of special assessments involving personal liability by actions in assumpsit, and since this Court has stated that a notice of motion for judgment is an alternative remedy to that of assumpsit, it is reasoned that notice of motion, due to that fact, will lie whenever assumpsit does. *Houston* v. *Lawhead,* 116 W. Va. 652, 182 S. E. 780. However, it is a generally admitted fact that the basis for the action of assumpsit is not recovery under the terms of a contract, but recovery of damages for a contract's breach, while notice of motion for judgment is for the recovery of money due under and by virtue of the terms of a contract. It is therefore doubtful whether the similarity of the two proceedings as stated in the *Lawhead* case is entirely accurate.

It is not thought necessary to discuss the other grounds of demurrer.

Being of the opinion that there is no liability on contract alleged in the notice of motion and none imposed directly by Chapter 68 of the Acts of 1935, the order of the Circuit Court of Marshall County sustaining the demurrer to the notice will be affirmed.

*Affirmed.*