## Cresko v. Automobile Banking Corporation

*Johnson & Pope*, for plaintiff.
*Louis Shaffer*, for defendant.

LEWIS, J., for court en banc, December 30, 1947.—
This is an action in assumpsit, brought by John Cresko, plaintiff, against the Automobile Banking Corporation, hereinafter referred to as defendant corporation. Cresko is a dealer in automobiles. Defendant is a corporation organized and existing under the laws of the State of Delaware, duly authorized and conducting business in the Commonwealth of Pennsylvania.

Plaintiff's complaint contains two causes of action. The first claim is for the sum of $540.21, with interest from May 23, 1943, which plaintiff, John Cresko, alleges is due and owing under a repurchase agreement entered into on or about January 13, 1939, by himself and defendant corporation through its agent, one A. E. Adams, in connection with the financing of automobiles by defendant for plaintiff. Allegedly, defendant corporation's business was the purchase of bailment leases of automobiles from dealers.

It is claimed by plaintiff that, by means of this arrangement, defendant corporation was to retain a portion of the purchase price until the rental under the lease

had been paid in full. Simultaneously, defendant corporation was to issue a reserve certificate showing the amount retained. Plaintiff avers that this reserve was to be paid to him eventually by defendant corporation on presentation of the reserve certificate.

Defendant corporation denies that such an agreement existed between plaintiff and defendant through Adams, but contends that there was an agreement entered into on or about April 14, 1941, between plaintiff and defendant corporation, rather than plaintiff and Adams. Defendant admits that such a reserve account was to be maintained by it, but pleads that the agreement further provided that any indebtedness of plaintiff to defendant was to be offset against any amount standing to plaintiff's credit in this account.

Consequently, defendant corporation asserts that there was a reserve account of $535.21, out of which only $407.48 was eligible for payment. Defendant further claims that there were general debits totaling $287.35, leaving a balance of $120.13 to which plaintiff would be entitled, if anything. However, defendant corporation avers that it owes nothing to plaintiff, but rather that plaintiff is indebted to it. Defendant corporation asserts its claim on the basis of bailment leases for two Plymouth sedans sold by plaintiff to defendant. Defendant states that by reason of misrepresentation of plaintiff with regard to aforesaid two transactions, defendant suffered a loss amounting to $807.03. From this amount defendant deducted the sum of $120.13, the amount which it claims remains in the reserve account, leaving a net loss of $686.90 for which defendant counterclaims.

Plaintiff's second cause of action is for $110.60, with interest from May 8, 1940. It is purportedly for material and services rendered to one, Adams, defendant corporation's agent.

As to this second cause of action, defendant corporation denies that Adams was its duly authorized agent. On the contrary, it avers that Adams was its limited agent, whose sole authorization was the purchase of bailment leases from automobile dealers. Defendant further avers that Adams was never authorized to obtain services and material from plaintiff or anyone else.

In his reply to defendant's answer, plaintiff, John Cresko, pleaded that in a prior action brought in this court to no. 279, October term, 1942, by present defendant, the matter of defendant's counterclaim for $807.03, before allowing credits, was disposed of in favor of plaintiff and against present defendant, and, consequently, defendant corporation is barred from asserting its counterclaim for that item. In that previous action, the trial judge nonsuited the Automobile Banking Corportion in an action to recover $807.03 from plaintiff, John Cresko. A motion to lift the nonsuit was filed by defendant corporation's counsel, and argument was heard by the court en banc. The court sustained the trial judge's ruling. Plaintiff contends that the matter is res adjudicata.

To this reply, defendant corporation filed an answer attacking plaintiff's plea of res adjudicata and obtained an order from this court directing that the question of whether defendant corporation is barred from asserting its counterclaim by reason of the prior suit be determined preliminarily. It is this question which is now before the court.

The earlier suit in which now present defendant was plaintiff was an action in trespass for damages based wholly upon an alleged conspiracy between present plaintiff and defendant corporation's agent, A. E. Adams.

The gist of the action was that present plaintiff in concert with the said A. E. Adams, the alleged agent of defendant corporation, conspired to defraud the

Automobile Banking Corporation (present defendant) by means of two transactions involving the purchase by Adams of two Pennsylvania bailment leases for two 1940 Plymouth sedans.

The court en banc refused to lift the nonsuit on the ground that the conspiracy had not been proved. There is no doubt in the court's mind that the two transactions involved in the prior suit are the subject matter of the present counterclaim. Yet we feel that the merits of the claim were not tried in the earlier lawsuit. The whole theory of the prior suit was the alleged conspiracy. It was defendant corporation's failure to prove the existence of this conspiracy that resulted in the nonsuit.

Speaking for the court, Aponick, J., said:

"Upon this testimony the plaintiff seeks to charge the defendant with conspiracy and make him liable for the amount not paid on the two leases. Counsel contends that there is sufficient circumstantial evidence in the record to warrant the submission to the jury of the question as to whether or not such conspiracy existed."

Still later in the opinion, the court stated: ". . . We think that it is extremely clear that the plaintiff fell far short of proving the prior agreement to defraud which is the gravamen of the action for conspiracy."

It has long been the policy of the law that every man is entitled to his day in court. He must be heard on the merits of his claim. To apply the doctrine of res adjudicata the adjudication must be on the merits: Robb v. New York and Consolidated Gas Coal Company, 216 Pa. 418.

Our courts have frequently enumerated the four elements that determine whether or not the doctrine of res adjudicata is applicable: (1) Identity in the thing sued for; (2) identity of the causes of action; (3) identity of persons and parties to the action; (4) identity of the

quality in the persons for or against whom the claim is made. See American Surety Company of New York v. Dickson et al., 345 Pa. 328 at 332; Cameron Bank v. Aleppo Township, 338 Pa. 300, 304; Bennett v. Erwin, 325 Pa. 330, 333.

After a careful perusal of the record, we are convinced that the matters raised in issue in defendant's counterclaim were not passed upon in the former action, and consequently are not barred in this suit.

Pursuant to petition and order of this court following argument thereon, the question of res adjudicata is determined and preliminarily decided in favor of defendant corporation and against plaintiff, John Cresko.