## Nickel v. McNaight et ux. No. 2

*C. W. Kugler*, for plaintiff.

*H. B. Crytzer*, for defendants.

RICE, P. J., March 12, 1948.—This case comes before the court on a preliminary objection to an action of ejectment to recover possession of land conveyed to C. C. Nickel, plaintiff, by P. A. McMillen, the imme-

diate predecessor in title of K. C. and Helen L. Mc-Naight, defendants, brought after the effective date of Pa. R. C. P. 1001-1458 relating to actions at law. The complaint avers, in addition to the facts constituting plaintiff's claim, that, prior to the conveyance to Nickel, K. C. McNaight had commenced, in this court, an action of assumpsit against McMillen, the common source of title, for damages for the breach of an oral agreement between McMillen as vendor and McNaight as vendee for the sale of the same land and incorporates the record of the said action of assumpsit in the complaint in this action by reference. The preliminary objection also pleads the said prior action of assumpsit, incorporates the record thereof in the objection by reference, but avers that McNaight, in the assumpsit, prayed for "the alternative remedies of (a) damages for breach of contract, or (b) specific performance of contract of sale of the identical premises involved" in the ejectment, objects that the ejectment "cannot be concluded until the aforesaid prior action has been judicially determined as an alternate decree for specific performance", and prays the court "to sustain the within preliminary objection and to stay all further proceedings in the within case during the pendency of the aforesaid prior action". To this preliminary objection plaintiff Nickel filed an answer, as he had a right to do under rule 1017(a), which admits the pendency of the said prior action, denies that specific performance was prayed for, and denies the soundness of the objection.

Rule 1017(b) (5) provides that a preliminary objection is available to plead the pendency of a prior action, and rule 1028(c), establishing the practice on such objections, states: "If an issue of fact is raised, the court shall take evidence by depositions or otherwise." Since both parties incorporate the prior action into their pleadings by reference, an issue of fact is not raised, and we may determine the scope of the prior

action and all necessary facts incident to it by inspection of the pleadings.

The preliminary objection involves the doctrine of lis pendens, which, in Cleveland, Painesville and Ashtabula R. R. Co. v. City of Erie, 27 Pa. 380, 382, 383, was stated by Judge Black in these words:

"No man shall be twice harassed for the same cause. After judgment or decree by a tribunal of competent jurisdiction, another complaint, grounded on the same facts, will not be listened to, either by the same tribunal or a different one. . . . It is equally clear that a party cannot be doubly vexed by two proceedings for the same cause carried on against him at the same time. Two suits for the same cause of action, even when brought in the same court, will never be tolerated. . . . Again: the right to bring several suits for the same matter, implies the right to prosecute them all to final judgment or decree."

This doctrine of lis pendens is closely related to the doctrine of res adjudicata, as is seen from the foregoing quotation. The requisites of the former are set forth in the case of Hessenbruch v. Markle, 194 Pa. 581, 593, thus:

"It is not doubted that a plea of lis pendens is a good plea in abatement to a bill in equity, but the authorities are not altogether in accord as to what is requisite to sustain the plea; a clear statement of what must be shown is given in Harrisburg v. Harrisburg City Passenger Ry., 1 Pa. Dist. Rep. 192: 'A plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same; and where the truth of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference.' This is but a concise summary of the weight of authority on the subject."

When a judgment is entered in a pending action, then the doctrine of res adjudicata will apply, and its requisites are thus stated:

"To constitute res adjudicata there must be: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made": Cameron Bank v. Aleppo Twp., 338 Pa. 300, 304; American Surety Co. v. Dickson et al., 345 Pa. 328, 332.

"Although not without some dissent, according to the general rule, the two suits must be by the same plaintiff or plaintiffs and against the same defendant or defendants; where the position of the parties in the two suits is reversed, the pendency of the prior suit is no ground for the abatement of the second": 2 Standard Pa. Practice 15.

Inspecting the pleadings in the prior action of McNaight against McMillen, we find (1) that Nickel, plaintiff in the ejectment, is not a party to the assumpsit, (2) that McNaight, one of the defendants in the ejectment, is plaintiff in the assumpsit, (3) that Mrs. McNaight, one of the defendants in the ejectment, is not a party to the assumpsit, and (4) that McMillen, defendant in the assumpsit, is not a party to the ejectment. Also, K. C. McNaight is the only party common to both actions. Since Nickel is not a party to the assumpsit, he cannot intervene to present any evidence or make any argument or take an appeal from any judgment rendered in it or even to force it to a trial, and if the prayer of defendant McNaight to stay the ejectment till the assumpsit is terminated by a judgment were granted, Nickel would be forced to await the conclusion of a matter in which he is not represented and has no say. McNaight, having sued McMillen, cannot claim to be harassed or vexed by the suit of Nickel against him. Since the parties to the

two actions are not the same, the doctrine of lis pendens does not apply.

Again inspecting the pleadings, we find (1) that the cause of action of the ejectment is the wrongful possession of land and (2) that the cause of action of the assumpsit is the breach of a verbal contract to convey land. There is no such sameness as the doctrine requires. A judgment in the assumpsit in favor of Mc-Naight or against him would not be res adjudicata in favor of or against McNaight in the ejectment. If the contract of sale between McMillen as vendor and McNaight as vendee vested in McNaight a lawful right of possession of the land and if such contract was made before the conveyance by McMillen to Nickel, McNaight may plead the facts in his answer to the complaint in the ejectment in the same way he would plead in his answer an absolute conveyance by McMillen, if in fact there had been a conveyance. It should be remembered that an action of ejectment is an action to recover the possession of land, to which defendant may plead any lawful right of possession. If McNaight has a right of possession, he has a defense on the merits, but that should not operate to abate or stay the action of ejectment by means of a preliminary objection. In the ejectment, Nickel prays for the recovery of possession and for mesne profits, whereas, in the assumpsit, McNaight prays for the recovery of money as damages for breach of contract. Again there is not a sameness in purpose of the two actions.

In his preliminary objection, McNaight claims that, in the assumpsit, he prays for specific performance of the contract of sale. This is not sustained by a reading of the statement of claim in the assumpsit, which was brought while the Practice Act of May 14, 1915, P. L. 483, was still in force. The prayer for specific performance gets into the case in a manner not authorized by the rules of practice. To the statement of claim in the assumpsit McMillen filed an affidavit of defense

raising questions of law, to wit, that the statute of frauds barred any action on the verbal contract of sale of real estate. This affidavit of defense brought an end to all pleading until it was disposed of. Section 20 of the Practice Act of 1915, speaking of such affidavits of defense, says that "any question of law so raised may be set down for a hearing and disposed of by the court". But, before this was done, McNaight filed an answer to the questions of law and included in it "new matter", averring facts intended to show that the contract of sale is not within the statute of frauds and asking the court to certify the case to the equity side of the court and grant specific performance of the contract of sale. According to the Practice Act of 1915, "new matter" is a plea allowable to a defendant only; in addition to the admissions or denials he may make in his affidavit of defense to the averments of fact in the statement of claim, a defendant may plead a set-off, a counterclaim or "new matter". The latter is really an affirmative defense. Under no circumstances may a plaintiff plead "new matter". A plaintiff may ask that his statement of claim or complaint be amended to include averments of fact not in his statement or complaint but which he considers necessary to sustain his claim, and he may do this at any time, but he cannot do it without leave of court. For these reasons we cannot consider the claim of McNaight that the assumpsit asks for specific performance of the contract of sale. The assumpsit must be held to be an action for breach of contract and to ask for damages only.

Since there is not sameness of parties in the two actions and the causes of action of the two actions are not the same and they do not ask the same relief, the preliminary objection cannot be sustained.

### Order

And now, March 12, 1948, the preliminary objections are overruled, and defendants are given leave to plead over within 20 days.