## BICKNELL, ADM'R, v. BUCK.

CONTRACT.—*Sale.*—*Evidence.*—Where personal property is sold and delivered at an agreed price, that price is all that can be recovered, though the purchaser refuse to execute his promissory note therefor, in accordance with the terms of the contract; and evidence of the value of such property is inadmissible.

SAME.—*Payment.*—*Principal and Agent.*—A payment to the authorized agent of a creditor, by the debtor, is equivalent to a payment to the creditor himself.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant. .

*T. R. Cobb* and *O. H. Cobb,* for appellee.

BIDDLE, C. J.—Suit by the appellant, as administrator, against the appellee, on an account.

Answer: denial and payment. Trial by the court, and finding for the appellant, ninety-one dollars and twenty cents. He thought this was not enough, and therefore prepared his case and appealed to this court.

The first thing that the appellant complains of is the refusal of the court to allow him to prove the value of certain articles in his account filed with his complaint. The evidence proves that the appellee bought the articles at a sale for a specified bid. This fact shows that the articles were purchased at an agreed price. Their value was not in question. But the ground upon which the appellant thinks he had a right to make such proof is, that the appellee did not comply with the terms of the sale, by giving his note. This will make no difference in the price. He was not bound to give more than he agreed, by his bid, to give, and the amount that the appellant, by the sale, agreed to take, whether he gave his note to the appellant or not. The bid and its acceptance fixed the price of the articles, by which they were both bound.

The second matter of complaint is, that the finding is too small in amount; and this depends upon the

third point made in the brief, namely, that the court erred in holding that William Chancellor was the agent of the testator. The evidence shows that eighty or ninety dollars was paid to William Chancellor, as agent, which was held as, so far, a payment on the demand in suit; and we think it is sufficient.

The fourth point presented is the error in refusing to grant a new trial; and, by way of argument, the appellant, by his counsel, says:

"If the positions above assumed and contended for are tenable, the appellant is clearly entitled to a new trial, and nothing additional need be alleged under this assignment."

As we have seen that the positions he has taken above are not tenable, it is clear that he is not entitled to a new trial.

. The judgment is affirmed, with costs.

Petition for a rehearing overruled.