# CHARLESTON.

W. E. STUART *et al.* v. E. E. CARTER.

Submitted October 11, 1916.    Decided October 24, 1916.

1. INDEMNITY—*Nature of Contract—Intent.*
    Whether a contract of indemnity is one of indemnity against
    liability, as contradistinguished from indemnity against mere loss
    or damage, depends upon the true intent and meaning of the
    covenant. If it simply indemnifies and nothing more, the indem-
    nity is against loss or damage only. If it binds the indemnitor to do
    a certain act or to pay certain sums of money and performance of
    such act or payment of such sum will prevent harm or injury to, or
    liability upon, the indemnitee, the contract is one of indemnity
    against liability.    (p. 95).

2. SAME—*Nature of Contract—Right of Action.*
    On a contract of indemnity against liability, a right of action
    arises immediately on the non-performance of the thing the cov-
    enantor bound himself to do, or non-payment of the money he bound
    himself to pay for exoneration of the indemnitee, when it became
    due and payable.    (p. 95).

3. SAME.
    If the covenant or agreement is to pay money to a third person,
    in discharge of the liability of the covenantee, or to prevent such

liability, payment of the debt by the covenantee is not a condition precedent to his right of action, and he may sue and recover the full amount of the debt agreed to be paid, without having first paid it. (p. 95). .

4. SAME—*Nature of Contract—Indemnity Against Liability.*

A bond with a condition for performance of the covenants, conditions and agreements of a building contract, due and prompt payment and discharge of all indebtedness that may be incurred by the contractors in the execution thereof, completion of the building free from mechanics liens, performance of the covenants, conditions and agreements of the contract, at the time and in the manner therein prescribed, and payment of costs incident to enforcement of payment and collection of debts incurred by the contractors in performance of the contract, is a contract of indemnity against liability. (p. 97).

5. MECHANICS LIENS—*Indemnity—Conditions Precedent.*

The condition of such a bond is broken by the acquisition of a mechanics lien on the property, by a material man, and the obligee has an immediate right of action on the bond, for recovery of the amount of the lien and the costs incident thereto, as money recoverable by action on contract. (p. 97).

6. BONDS—*Action—Recovery by Motion.*

Money due on a bond with collateral condition may be recovered by motion, under sec. 6, ch. 121, of the Code. (p. 98).

7. SAME.

Though the plaintiff's notice of a motion for judgment on such a bond constitutes his pleading in the proceeding, analogous to a declaration in debt, as well as his process against the defendant, he need not aver non-payment of the penalty of the bond. The proceeding being informal, it suffices to base the notice on the bond and advise the defendant of the nature of the breach and the amount of the plaintiff's demand. (p. 98). .

8. SAME—*Actions—Pleading—Evidence.*

If the bond upon which such a proceeding is based, is one given to insure faithful performance of a working contract and the date of the contract is wrongly stated in the condition, the error need not be averred in the notice, and, upon proof thereof, the contract is admissible in evidence. (p. 99).

9. SAME—*Actions—Admissibility of Evidence.*

Upon an issue in such case, as to payment of the contract price to the contractors, leaving nothing out of which to discharge a mechanics lien on the property for materials used in the construction thereof, the owners may prove payments to them under an

altered firm name, upon a representation by one of them that their firm name had been changed to that in which the payments were made.  (p. 99).

Error to Circuit Court, Mercer County.

Action by W. E. Stuart and others against E. E. Carter. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Sanders & Crockett* and *Alfred G. Fox,* for plaintiff in error.

*Harold A. Ritz, Ira J. Partlow* and *Anderson, Strother, Hughes & Curd,* for defendants in error.

POFFENBARGER, JUDGE:

The judgment complained of on this writ of error, was recovered by motion made under sec. 6, ch. 121, of the Code, upon a joint and several bond given to insure performance of the covenants, conditions and agreements set forth in a certain building contract, and due and prompt payment and discharge of all indebtedness that should be incurred by the contractors in carrying out the same. The owners of the property and obligees in the bond were Hale and Stuart. The contractors were Carter Bros. and Bird. E. E. Carter, the defendant, was the surety in the bond.

After one continuance at the instance of the defendant and denial of another for which he moved, he challenged the sufficiency of the notice for judgment, by a motion to quash the same, which the court overruled. Thereupon he tendered three special pleas two of which, Nos. 1 and 3, the court permitted him to file, but rejected No. 2. To special plea No. 3, the plaintiffs filed a special replication and to the other one, replied generally. The defendant also entered a plea of *nil debet* and issue was joined on it. The case was submitted to a jury and a verdict rendered in favor of the plaintiffs, in the sum of $892.97, by direction of the court, on their motion.

The character of the instrument upon which the proceeding is founded, a bond with collateral condition, is not made the basis of any of the numerous objections taken and made.

A claim for mere damages for the breach of a contract is not within the statute under which the proceeding was instituted. *Wilson* v. *Dawson,* 96 Va. 687. The demand must be for money due upon a contract, as contradistinguished from damages arising from the breach of a contract. The remedy extends, however, to all cases in which a person is entitled to recover money by action on contract. *Long* v. *Pence,* 93 Va. 584. As a bond with collateral condition is proper subject matter of an action of debt or covenant, *Supervisors of Jackson County* v. *Leonard,* 16 W. Va. 470, it is a contract upon which money may sometimes, but not always, be recovered, wherefore, upon a proper showing, the remedy by motion under the statute is available. A demand for payment of money on it falls within the express terms of the statute. The mere form of the contract is immaterial. Not a word in the statute indicates purpose to limit the remedy by the form of the contract. It suffices that the money demanded is due on one.

It is urged, however, in support of the motion to quash the notice, that it does not show any right to a money recovery. After having set forth the substance of the bond and made the same a part of it by reference, the notice charges, by way of breach of the condition thereof, the acquisition of a mechanics lien on the property of the obligees, by the Welch Lumber Company, a corporation, for materials furnished by it to the contractors, for use in the construction of the building, and used by them in the construction thereof; but it fails to show payment of the amount due the Welch Lumber Co., by the plaintiffs, or the discharge of the lien in any way. In fact, it has not been paid. Notwithstanding the lack of an averment of payment, the defendants in error insist that the facts set forth in the notice constitute a breach of the condition of the bond, entitling them to a judgment for the amount of the lien.

The inquiry raised by the exception involves consideration of a distinction and principle not extensively discussed or applied, if at all, in the decisions of this court, but often adverted to and made effective in cases arising in other jurisdictions, namely, the distinction between a bond or other con-

tract binding the obligated parties to do particular things for prevention of injury and damage to the obligee, and a contract of mere indemnity, binding the obligors to make good an injury or damage, or compensate for it, after occurrence thereof. In the former case, the obligee or covenantee may sue for and recover the money the obligors or covenantors bound themselves to pay, by way of indemnity against liability, without having paid the same. In the latter case, he must have paid the money and so suffered actual loss, before he can sue for the breach of the contract. As has been stated, the distinction turns upon the form of the condition or covenant. In *Lathrop* v. *Atwood*, 21 Conn. 117, 124, the rule is stated as follows: ''When a condition was to discharge or acquit the plaintiff from a bond or other particular thing, *non-damnificatus* was not a good plea, but the defendant should set forth affirmatively the special matter of performance; but if the condition be to acquit from damage merely, such a plea is good.'' The following clear exposition of the doctrine is found in *Ex parte Negus*, 7 Wend. 499: ''Whether an action lies or not, depends upon the true intent and meaning of the covenant; if it is simply to indemnify, and nothing more, then damage must be shewn before the plaintiff can recover; but if there is an affirmative covenant to do a certain act, or pay certain sums of money, then it is no defense, in such an action, to say, that the plaintiff has not been damnified. * * * * * Where indemnity alone is expressed, it has always been held, that damage must be sustained before a recovery can be had; but where there is a positive agreement to do the act which is to prevent damage to the plaintiff; then action lies, if the defendant neglects or refuses to do such act.'' Decisions interpreting contracts as providing for more than mere indemnity against damage, are numerous, and, in all of them, the intent, meaning and effect were discovered and demonstrated by the test or principle above stated. *Holmes* v. *Rhodes*, 1 Bos. & Pul. 638; *Sheriffs* v. *Bradshaw*, Cor. Eliz. 63; *Loosemore* v. *Radford*, 9 M. & W. 657; *Warwick* v. *Richardson*, 10 M. & W. 284; *Lynn* v. *Yates*, 8 Mod. 31; *Mewburn* v. *Mackelcan*, 19 Ont. App. 729; *Bank* v. *Goodman*, 29 U. C. 574; *Railway Co.* v.

*Pope,* 30 U. C. C. P. 633; *Churchill* v. *Hunt,* 3 Denio. (N. Y.) 321; *Thomas* v. *Allen,* 1 Hill (N. Y.) 145; *Chase, Administrator,* v. *Hinman,* 8 Wend. (N. Y.) 452; *Belloni* v. *Freeborn,* 63 N. Y. 383; *Kohler* v. *Matlage,* 72 N. Y. 259; *Bank* v. *Zigler,* .83 N. Y. 51; *Conner* v. *Reeves,* 103 N. Y. 527; *Bank* v. *Cumings,* 149 N. Y. 360; *Port* v. *Jackson,* 17 Johns. 239; *Blaisdale* v. *Babcock,* 1 Johns. Rep. 518; *Kipp* v. *Brigham,* 6 Johnson's Rep. 158; *Hamilton* v. *Cutt,* 4 Mass. 349; *Booth.* v. *Starr,* 1 Conn. Rep. 244; *Bender* v. *Fromberger,* 4 Dall. 436; *Ward* v. *Henry,* 5 Conn. 595; *Hotchkiss* v. *Downs,* 2 Conn. 136; *Crippen* v. *Thompson,* 6 Barb. 532; *Smith* v. *Railway Co.,* 18 Wis. 1.

Mere inspection of this contract reveals an obligation on the part of the principals, Carter Bros. & Bird, to do things for the protection of the obligees, for prevention of injury to them, not one merely for compensation for the injuries after the occurrence thereof. They bound themselves in the penal sum of $2,500.00, formally agreeing that that sum should become due and payable, if they did not do certain things for the protection of the obligees from injury. The penal sum was to be paid, if they did not perform the covenants, conditions and agreements of their building contract, duly and promptly pay and discharge all indebtedness that might be incurred by them in the execution thereof, complete the building, free of all mechanics liens, and truly keep and perform the covenants, conditions and agreements of the contract at the time and in the manner and form therein specified. Though the condition does not say, in terms, that the principals shall save the obligees harmless, or indemnify them against liability, such saving and indemnity are necessary results of performance of the things they agreed to do. If there is an agreement to do a particular thing, the performance of which saves harmless and indemnifies against liability, rather than against damage, it is wholly unnecessary to add a stipulation for accomplishment of these results, as the authorities above cited clearly show.

The contract of the principals and the surety is one and the same. The bond cannot be read one way for the principals and another for the sureties. Their contract is his contract.

He is bound to do for them whatever they have bound themselves to do. *Wait* v. *Homestead Building Association,* 76 W. Va. 431, 85 S. E. 637; *Railroad Co.* v. *Kasey,* 30 Gratt. 218; *Allison* v. *Bank,* 6 Rand. 294; *Durkin* v. *Bank,* 2 Pat. & H. 277; *Collier* v. *Express Co.,* 32 Gratt. 718; *Minor* v. *Bank,* 1 Pet. (U. S.) 40. In view of this principle, it is immaterial that the surety in the bond did not, in terms, stipulate that he would complete the contract, fully perform all its covenants and agreements, turn the building over to the owners, free of mechanics liens, and pay all indebtedness incurred in the execution of the contract at the time and in the manner prescribed. Together with his principals, he bound himself to pay $2,500.00, if these things should not be done, and, if they had been done, there would have been no lien on the property of the plaintiff.

This interpretation of the contract is in perfect accord with conclusions adopted in well considered cases, involving questions of liability on instruments of the class of this one. *Belloni* v. *Freeborn,* 63 N. Y. 383; *Kohler* v. *Matlage,* 72 N. Y. 259; *Bank* v. *Zigler,* 83 N. Y. 51.

Though it seems rather inconsistent to allow one man to recover money really due to another, the law permits it, under the conditions here disclosed. In some cases, it is said the plaintiff has right to recover the money, to the end that he may be able, or more able, to pay the debt for his own relief.

In so far as the exception or objection to the notice rests upon lack of averment of non-payment of the penalty of the bond, it is obviously untenable, because the proceeding by motion is informal and untechnical. Though the notice is a sort of substitute for a declaration as well as a summons, it sufficiently performs the function of the former, if it indicates, with reasonable certainty, upon what obligation, demand or account the judgment is sought. *Anderson* v. *Prince,* 60 W. Va. 557; *Shepherd* v. *Brown,* 30 W. Va. 13. In the latter case, the court said: "Such a notice will be treated with great indulgence by the court. All that is required of such a notice is, that it should be so plain that the defendant cannot mistake its object, however, it may be wanting in form and technical accuracy." The statute now for-

bids rendition of a judgment for the penalty of such a bond, and requires ascertainment of the amount actually due thereon and judgment for that only. Code, ch. 131, sec. 17. At common law, judgment was rendered for the penalty. A statutory limitaiton required the judgment to be rendered for the penalty, to be discharged by payment of the damages. Now, the statute permits judgment only for the sum due or the damages. While the averment of non-payment of the penalty may still be a matter of substance in a declaration in debt, it is highly technical and, therefore, not required in a notice of a motion for judgment under the statute. The plaintiffs claim, in the notice, the amount of the mechanics lien. That is what he demands and all he is entitled to according to the notice and the evidence. The notice clearly states the demand and sets forth the obligation upon which it is founded. Hence, the purpose of the motion and the ground thereof are so plainly indicated that the defendant could not have been mislead or left under any misapprehension as to them.

An erroneous recital of the date of the contract in the bond was made the basis of an objection to the introduction of the former and of an exception to the action of the court in overruling the objection. The date of the contract was June 11, 1913, and the contract is described in the condition of the bond, as having been dated August 21, 1913. This erroneous recital is explained in the evidence. When the contract was executed, it was the purpose of the contractors to have some surety company execute the bond as their surety. Having failed in this, they had the defendant execute it, more than two months after the date of the contract, and, by some oversight, the contract was misdescribed in the bond. If this error had been averred, in a formal declaration, and proved on the trial, the contract would have been admissible. As this is an informal proceeding based on the bond and not on the contract, proof of the error in description was admissible and amply sufficed to let the contract in. The bond itself did not vary from the notice and the contract came in only as matter of evidence.

Conclusions already stated obviously sustain the action of the court in the disposition of several of the numerous ob-

jections made to the introduction of evidence. The bond and contract were properly admitted. To prove payment of the contract price for the erection of the building and thus show lack of any funds in their hands due the contractors, out of which the lien could be discharged, the plaintiffs introduced a great deal of documentary evidence of payments. Among the papers so offered, were numerous checks payable to the Carter Bird Construction Co., an apparent stranger to the contract. It was explained, however, that the principals in the course of performance of their contract, changed their firm name from Carter Bros. & Bird to the Carter Bird Construction Co. Objection was made to proof of the admission of this fact, by one of the principals. The form of the testimony was, that the plaintiffs made the checks payable to the firm under its new name, because one of the contractors requested them to be so made, representing the name to have been changed. This explanation amply justified the admission of the checks. All the other exceptions founded upon the admission of evidence are of similar character. Only one of them is seriously relied upon in the brief. The others are barely mentioned and not discussed. A careful examination of all of them discloses no error.

As to the existence of the lien constituting the plaintiffs' demand, there is no controversy. Upon the authorities cited, the acquisition thereof constituted a breach of the condition of the bond, entitling the plaintiffs to a judgment for the amount of the lien and the costs. The condition of the bond specifically included the cost of enforcement of payment and collection of indebtedness incurred by the principals in the bond. That the court properly directed a verdict for the amount of the lien and the costs, is manifest.

For the reasons stated, the judgment complained of will be affirmed.

*Affirmed.*