## CHARLESTON.

CENTRAL TRUST COMPANY, *Receiver, etc. v.* MULLENS REALTY & INSURANCE COMPANY *et als.*

(No. 6473)

Submitted October 2, 1929. Decided October 8, 1929.

*J. Albert Toler*, for appellant.
*Connor Hall* and *Russell S. Ritz*, for appellees.

MAXWELL, JUDGE:

This is an appeal from a decree of the circuit court of Wyoming County entered October 20, 1928, setting aside a decree which had been entered June 6, 1928, on the bill which the decree recited had been taken for confessed by all the defendants thereto. The decree appealed from was entered over the objection of the plaintiff on motion of W. E. Deegans, one of the defendants, on notice, pursuant to section 5 of chapter 134, Code. Defendants, Mullens Realty & Insurance Company and Lanark Company seem to have joined in the motion. The plaintiff appeals.

It appears from the bill that plaintiff was appointed receiver for the Bank of Mullens in November, 1927; that in the year 1920 the stockholders of the Mullens Realty & Insurance Company passed a resolution to discontinue the business of the company and authorize its officers to convey its real estate to W. E. Deegans, trustee, in trust for the use and benefit of said corporation; that in June, 1925, the Bank of Mullens loaned to the said realty company, at the instance of Deegans, the sum of $9,500.00 for which amount the realty company executed its note to the bank; that said note was subsequently curtailed and a renewal executed for $9,000.00; that in June, 1926, Deegans, trustee, conveyed one of the lots which had been conveyed to him by the realty company to

S. D. Frantz, trustee, to secure one Jeff Goode in the sum of $5,000.00 which the said Deegans, trustee, owed to the said Goode; that in December, 1927, Deegans, trustee, conveyed to the Lanark Company, a corporation, all of the real estate which had been conveyed to him by said realty company, and that in the same month one L. N. Frantz, at the instance of Deegans, conveyed to said Lanark Company a certain tract of land for which said L. N. Frantz held the title for the land company which was the true owner; that said property thus conveyed to the Lanark Company constituted all the assets of said company available for the payment of the debt owing by the land company to the bank, and that said conveyances were made for the purpose of hindering, delaying and defrauding the creditors of said realty company, and particularly the said bank. The prayer of the bill, inter alia, was that the deeds from Deegans, trustee, and L. N. Frantz to the Lanark Company be cancelled and annulled and that the real estate so conveyed or as much thereof as might be necessary be subjected to sale for the satisfaction of the said debt of the land company to the bank. The defendants to the bill were Mullens Realty & Insurance Company, W. E. Deegans, trustee, Lanark Company and Jeff Goode.

By decree of June 6, 1928, the court cancelled the said last two conveyances and subjected the land to sale as prayed, and further found that the deed of trust of Deegans, trustee, to S. D. Frantz, trustee, was a valid and prior lien on the lot covered thereby, but that if the other parcels did not sell for sufficient sum to pay off and satisfy the bank's debt that the lot covered by said trust deed be sold subject to the said lien and to the rights and interest of Jeff Goode thereunder. The decree recited that none of the defendants appeared and that the bill was taken for confessed. It appears, however, that this recital of default by the defendants was a mistake, because the record shows that on the 2nd day of June, 1928, being just four days prior to the entry of the decree, there was filed by order of the court a paper denominating itself a demurrer and answer of the Lanark Company, a corporation, one of the defendants. Though the bill was verified the paper just mentioned was not verified, nor was it signed by the

Lanark Company or by anyone in its behalf. The paper carried the signature of counsel only. It did not meet the requirements of the law as to either verification or execution. Code, chapter 125, section 38. *Cunningham* v. *Birch River Lumber Co.*, 89 W. Va. 326. Counsel who prepared the decree of June 6, 1928, says on oath that he did not know that the said paper had been tendered or filed. Nor is it surprising that his examination of the proper order book failed to disclose the order filing said paper, as it now appears that the clerk had erroneously entered the same in the law order book. Under these circumstances we are of opinion that the plaintiff's failure to except to the sufficiency of the purported answer should not be taken as a waiver of its defects. But, though the said paper could not be considered as an answer, it was sufficient as a demurrer. · It challenged the sufficiency of the bill.

The non-joinder of necessary parties defendant appeared from the face of the bill. Neither L. N. Frantz nor S. D. Frantz, trustee, was a party. Each was necessary. The former because a conveyance which he had made was sought to be set aside as fraudulent; and the latter because he held the legal title to the lot which had been conveyed to him as trustee to secure Goode. This lot, being No. 10 in Block B, was one of the lots that the realty company had conveyed to Deegans, trustee, and which was included in the conveyance by Deegans to the Lanark Company. It is so fundamental that persons whose conduct is attacked as fraudulent or in whom is vested the legal title to property involved in suit are necessary parties to such suit that authority will not be cited on the proposition. The demurrer ought to have been sustained. The court's later action in reversing the decree on motion of another defendant was proper, because it is the settled law of this jurisdiction that where a motion is made under section 5, chapter 134, of the code to reverse a decree pronounced upon a bill taken for confessed, the court before which such motion is made should reverse the decree for any error for which the Supreme Court might reverse it, and give such decree as ought to be given upon the record

654

as it exists at the time the motion is made; and that upon the reversal of such decree, the defendant is not entitled to file his answer or make defense to the bill. *Ferrell v. Camden,* 57 W. Va. 401; *Hornor* v. *Life,* 76 W. Va. 231.'' *American Realty Company* v. *Eugene Lopinsky,* 101 W. Va. 742. Under this rule the court, on the motion of a defendant to reverse, should weigh the sufficiency of the bill regardless of whether a demurrer had been interposed by another defendant or not. The result would be the same in either event.

The reason set forth by the court in its decree of October 20, 1928, for setting aside the decree of June the sixth is not the same as the reasons on which we base this opinion. The circuit court thought that the return of service of process upon the Mullens Realty & Insurance Company was not sufficient because it did not show that its president, upon whom the process was served, resided in the county in which the service was made. Inasmuch as it has been determined that section 34, chapter 50 and section 7, chapter 124, "are in pari materia and process against a corporation may be served pursuant to the provision of either statute,'' *County Court* v. *Fidelity Company,* 87 W. Va. 504, 510, it was not necessary for the return of service as to said realty company to state that the officer upon whom the service was made resided in the county of the service. The service apparently was made under the provisions of said section 7, chapter 124, and it does not contain the requirement that the corporate officer served shall reside in the county in which served. But the fact that we do not agree with the trial chancellor as to the reason assigned by him for the decree of reversal of October the twentieth is not important. We do approve his action, and that is the important thing. The reason becomes secondary. It is the result which controls. *Ballard* v. *Chewning,* 49 W. Va. 508; *Lee* v. *Patton,* 50 W. Va. 20.

We affirm the decree of the circuit court of October 20, 1928, reversing the decree of June 6, 1928.

*Affirmed.*