RAY LAMBERT *v.* W. E. MORTON

(No. C. C. 447)

Submitted September 2, 1931.   Decided September 8, 1931.

*Emmett Horan,* for plaintiff.
*A. N. Breckenridge,* for defendant.

HATCHER, JUDGE:

This is a certified case, presenting the sufficiency (1) of a notice of motion for judgment, and (2) of a special plea offered in reply.   The circuit court overruled a demurrer to the notice and sustained a demurrer to the plea.

■ The notice states that the plaintiff, Lambert, was the legal sheriff of Nicholas county from January 1, 1929, to March 18, 1929, inclusive, and was entitled to receive the salary of that office; but that during this period the defendant, Morton, illegally claimed to be the sheriff, and was unlawfully paid the salary of the office, amounting to $537.67; that such payment was for the use and benefit of the plaintiff; and that motion would be made for a judgment therefor.

Code 1923, ch. 121, sec. 6, provides that judgment may be recovered on motion for money due "on any contract."   This broad language embraces *implied,* as well as express, contracts. "For the purpose of the remedy" the law implies a promise

by the holder to pay over money which he has received for another. This implication is well explained in 13 C. J., subject, Contracts, sec. 10, as follows:

"Contracts implied in law, or more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action ex contractu. They rest solely on a legal fiction, and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in the case of true contracts, but from the law or natural equity. So, when the party to be bound is under a legal obligation to perform the duty from which his promise is inferred, the law may infer a promise even as against his intention. Among the instances of quasi or constructive contracts may be mentioned cases in which one person has received money which another person ought to have received, and which the latter is allowed to recover from the former in an action of assumpsit for money had and received, or money received to the use of plaintiff."

The notice is therefore sufficient at law, and the ruling of the circuit court thereon is affirmed. ·

■ The plea sets up (in part) the following facts: That Lambert and Morton were rival candidates for the office of sheriff at the general election in 1928; that upon the official canvass of the election returns, Morton had a majority of 19 votes; that upon a recount by the board of canvassers, Morton had a majority of 10 votes; that upon proceedings in this (the Supreme) Court, it was determined on December 12, 1928, that each candidate had received 3,795 votes (see *Lambert* v. *Board of Canvassers,* 106 W. Va. 544) ; that on December 20, 1928, the county court of Nicholas county decided the tie between the candidates in favor of Morton and issued to him a certificate of election; that Morton then legally qualified as sheriff and entered upon the duties of his office on January 1, 1929. The plea then details the subsequent proceedings, which finally resulted in Lambert's being declared sheriff (by

a majority of one vote) for which see *Lambert* v. *The Board, etc.,* 107 W. Va. 109.

The plaintiff relies strongly on the case of *Bier* v. *Gorrell,* 30 W. Va. 95, which holds that a *de jure* officer excluded from office by *one not legally entitled to it,* may recover from the intruder the fees and perquisites received by him while in office. We acknowledge the prevalence of this rule, but the facts in the instant case take it without the rule. Under the first decision of this Court in *Lambert* v. *Board,* 106 W. Va. 544, followed by the selection of Morton as sheriff by the county court of Nicholas county, Morton was *legally* entitled to assume the shrievalty. He was not a mere claimant or intruder. His right to the office had been lawfully determined. That determination had been secured through no illegal, arbitrary or improper conduct on his part; but was occasioned by an erroneous representation of Lambert's counsel made to and relied upon by this Court, concerning the number of uncontested votes received by Morton. See 106 W. Va. 546. Because of that mistaken representation, Lambert had temporarily defeated his own claim to the office. It seems inequitable to permit Lambert to recover the salary for the services performed by Morton, under these circumstances. To do so would cause Lambert to profit by and Morton to suffer for, Lambert's own mistake (as to the number of Morton's uncontested ballots) and would have officers serve at their peril no matter how lawfully selected. See generally *Nicholas* v. *Branham,* 84 Va. 923; *Stuhr* v. *Curran,* 44 N. J. L. 181.

Lambert says the plea discloses that Morton was informed of the mistake shortly following our decision on December 14, 1928, and contends that Morton did not proceed thereafter in good faith. On Lambert's petition to rehear that decision setting up that mistake, we stated that the petition afforded no basis for a rehearing, and that Lambert should assert his rights, if any, in some other manner. See 106 W. Va. 554. Our statement sufficiently supports Morton's claim of good faith until Lambert did prevail in the subsequent proceeding.

We therefore hold the plea sufficient at law and reverse the ruling of the circuit court thereon.

*Affirmed in part; reversed in part.*