CITY OF BECKLEY, *a Municipal Corporation, Etc., v.* OCIE CRAIGHEAD

(CC 662)

Submitted February 9, 1943.   Decided March 23, 1943.

W. A. Thornhill, Jr., for plaintiff.
*Ashworth & Sanders,* for defendant.
*Peck, Shaffer, Williams & Gorman, Caldwell, Marshall, Trimble & Mitchell* and *John N. Mitchell,* amici curiae on behalf of plaintiff.

KENNA, JUDGE:

This proceeding of notice of motion for judgment was brought in the Circuit Court of Raleigh County by the City of Beckley, a municipal corporation, acting by and through its Sanitary Board, against Ocie Craighead, the notice having been made returnable May 28, 1942, for the purpose of recovering $100.65, to quote the notice, "that being the sum and amount owed by you to the said Sanitary Board for the City of Beckley and past due for more than thirty days, for the use of and service rendered to you and your property by the sewage system of the City of Beckley", naming a period of two years and alleging that the amount includes a penalty for non-payment. Accompanying the notice was the usual verified statement of items going to make up the plaintiff's account. On the eighth day of June, 1942, no reason appearing of record for the ten-day interval, the defendant appeared and demanded a bill of particulars, which the plaintiff was required to file, and which, as originally prepared, included two exhibits of fifteen pages and, by stipulation entered later, embraced exhibits "A" to "G", inclusive.

The order entered by the circuit judge on June 8, 1942, filing the bill of particulars and sustaining the demurrer to the notice, certifies eight questions of law to this Court. Following the entry of that order and on August 24, 1942, the attorneys representing the city and the defendant signed a quite lengthy stipulation involving what they termed "Essential Facts" and "Exhibits". It will be observed that the trial court did not have before it when the demurrer was acted upon and questions certified to this Court, the matter embraced by the stipulation, so that, the questions certified being restricted necessarily to the record upon which the trial court acted, our answer as to the correctness of his findings cannot include a later enlargement of the reasons, pro and con, considered by the attorneys representing the parties, but not by the court. Had the trial judge desired to pass upon the de-

murrer, including the stipulation and exhibits filed therewith, he might have done so by rescinding his former order sustaining the demurrer, and reconsidering that pleading upon the record as it then stood. Had that course been taken, however, upon demurrer to the notice the trial court would not have considered, as a part of the notice, matter appearing only in the bill of particulars. See *Baker* v. *Letzkus,* 113 W. Va. 533, 168 S. E. 806. In addition, this Court is now of the opinion, notwithstanding the second syllabus in *Water Co.* v. *Kingwood,* 121 W. Va. 66, 1 S. E. 2d 395, that the use of exhibits in notice of motion proceedings is improper.

The eight questions of law certified to this Court by the circuit judge are as follows:

1. Can a municipality lawfully impose charges for the use of a public sewerage system as set forth in the notice of motion for judgment filed herein, together with the bill of particulars filed in connection with the notice of motion for judgment.

2. Is a charge for sewerage service a tax and as a tax should it not be assessed equally against each user of said system and not in proportion to the amount of use thereof.

3. If the plaintiff has a lien against the defendant is not such lien or claim enforceable only in a suit in equity and not at law.

4. Is the ordinance of the City of Beckley enacted in pursuance of Chapter 16, Article 13 of the Code of West Virginia invalid and void.

5. Is the ordinance of the City of Beckley enacted in pursuance of Chapter 16, Article 13 of the Code of West Virginia unconstitutional.

6. Does the notice of motion for judgment, together with the bill of particulars filed herein, state a cause of action against the defendant.

7. Is the assessment made by the Sanitary Board for the City of Beckley for the use of and service rendered to the property of the defendant by reason of the sewerage system an illegal and void assessment which cannot be asserted as a lien against the property of the defendant.

8. Does the notice of motion for judgment, together with the bill of particulars filed herein, indicate with reasonable certainty the nature of plaintiff's claim and the right of plaintiff to recover thereon.

Dealing first with the eighth question and again quoting the language of the notice, we are of the opinion that the language "for the use of and service rendered to you and your property by the sewerage system of the City of Beckley, and penalty for the non-payment thereof, for the period of time beginning February 15, 1940, and ending February 15, 1942, as shown by a verified itemized statement of the account filed herewith and made a part hereof; you being the owner and occupant of the lot and building thereon within the corporate limits of said City known as Lot 1, Block P Ford Addition and located at 100 Fourth Street, which premises are connected with and have been served by said sewerage system during the period of time last above mentioned; all of which is accrued, due and owed by you under and by virtue of an ordinance of the City of Beckley enacted pursuant to Chapter 16, article 13, of the official Code of West Virginia, * * *", read in connection with the verified itemized statement accompanying the notice does not sufficiently state a claim based upon contract. As we have already stated, we believe that under our decided cases, the bill of particulars and the two exhibits filed therewith, one of which is the ordinance referred to generally in the notice, and the subsequent stipulation, including seven quite lengthy exhibits, are not to be considered on demurrer to the notice. *Minnoti* v. *Young*, 99 W. Va. 97, 127 S. E. 913; *Robinson* v. *Board of Ed.*, 70 W. Va. 66, 73 S. E. 337; *Riley* v. *Jarvis*, 43 W. Va. 43, 26 S. E. 366. See also, *Vorholt* v. *Vorholt*, 111 W. Va. 196, 160 S. E. 916. That being so, the relationship of the Sanitary Board to the Beckley sewage system, the method of service rendered by that system and the right of the Sanitary Board to charge for the use of, and service rendered by, that system does not appear. Under

our statute authorizing a recovery on notice of motion, the fact that that procedure is confined to recoveries based upon contract, express or implied, is well established, and while there is no formality of pleading exacted, it is still necessary that the essential elements showing money due on contract, not damages for breach, be alleged. Since we believe that in considering essential allegations, we are confined to the notice and to the account attached thereto, we think the unavoidable conclusion is that the allegations of the notice now before us are insufficient.

Since the scope of the other seven certified questions plainly is not restricted to the allegations of the notice of motion, but was, by the trial court, expanded to include the matter attempted to be made a part of the notice by the bill of particulars and stipulation, we think those questions are not germane to the questions of law which arise on demurrer to the notice alone, and that they cannot be dealt with on this certification. Question three relates to the enforcement, and not directly to the existence, of the Sanitary Board's lien. Without considering the question of whether that lien exists, we wish only to observe in general that the power to enforce a lien upon real estate, unless provided for by statute, lies on the chancery side of our courts. We do not believe that the fact that Section 16 of the act as amended by Chapter 48 of the Acts of the Second Extraordinary Session of 1933 speaks of the enforcement of the lien in a "civil action" should be construed as placing that jurisdiction in our courts of law simply because the word "action", strictly applied, does not usually refer to chancery practice. We do not wish by that statement to be understood as indicating that the prayer of the notice in this matter, if made a part of a bill of complaint, would be sufficient to justify the chancellor in regarding it as invoking his power to subject real property to sale under a lien.

We are of the opinion that the demurrer to the notice of motion was properly sustained for the reasons stated and that the foundation upon which the other certified

questions were based not involving the sufficiency of a pleading, the questions were incorrectly propounded. The certification will be accordingly answered.

*Affirmed.*