ERMA CASE

*v.*

WALTON SHEPHERD

(No. 10675)

Submitted September 7, 1954. Decided October 19, 1954.

*J. Campbell Palmer, III, Robert L. Elkins,* for plaintiff in error.

*J. Howard Hundley,* for defendant in error.

BROWNING, JUDGE:

Plaintiff, Erma Case, instituted a notice of motion for judgment proceeding in the Circuit Court of Kanawha County against E. A. Haddad and Walton Shepherd. No defense was made by Haddad. The defendant Shepherd filed a counter-affidavit, a plea of general issue, and a special plea. Plaintiff demurred to the special plea, and the trial court sustained the demurrer. The parties having agreed that the matters be submitted on the pleadings, the trial court entered judgment in the amount of five hundred dollars, the amount sued for, against Haddad and Shepherd. This Court granted a writ of error to Shepherd only.

The pleadings show that about April 8, 1947, plaintiff borrowed four thousand dollars from Haddad, for which

she gave her promissory negotiable note, payable at the Kanawha Banking and Trust Company, Charleston, West Virginia, in monthly installments of fifty dollars. The indebtedness was secured by the lien of a trust deed conveying real estate, executed and delivered by plaintiff and her husband about the time of delivery of the note to Haddad. Later, the note was by Haddad placed with the Kanawha Banking and Trust Company for purposes of collection only. Plaintiff failed to make payment of certain monthly installments as they became due, and Haddad employed Shepherd, an attorney at law, to effect collection thereof. Pursuant to such employment, Shepherd collected from plaintiff installments amounting to five hundred dollars. Shepherd issued to plaintiff his several receipts for the payments received by him, but did not pay the money so received over to the bank which held the note for collection, nor to Haddad, and the facts of such payments were not indorsed on the note. Shepherd claimed the right to withhold such payments, for the reason that Haddad owed him that sum for legal services rendered by him to Haddad, in connection with such collections and other matters. Subsequently, plaintiff sold the property conveyed by the trust deed and sought immediate release of the trust deed lien, the release being necessary to the consummation of the sale. Haddad refused to execute a release of the lien until the amount of the sum withheld by Shepherd was credited on the indebtedness. Plaintiff then paid the additional sum of five hundred dollars to Haddad and received the release of the trust deed lien from him. The notice of motion for judgment proceeding was instituted for the purpose of recovering from Haddad and Shepherd the five hundred dollars.

Shepherd contends that plaintiff has no right to maintain a notice of motion for judgment proceeding, for the reason that no contract, express or implied, existed between himself and plaintiff, and that the subsequent payment of five hundred dollars by plaintiff to Haddad constituted a voluntary payment which can not be recovered,

since plaintiff had full knowledge of all material facts at time of payment.

Code, 56-2-6, provides that: "Any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action, obtain judgment for such money after not less than twenty days' notice * * *". The same section provides further that: "* * * Defense to any such motion may be made in the same manner and to the same extent as to an action at law." It will be noticed from the statute that the proceeding can be maintained only for recovery of money due "on any contract". The word "contract", as used in the statute, includes an implied contract. See *Lambert* v. *Morton,* 111 W. Va. 25, 160 S. E. 223. While liberality in some respects is allowed as to pleadings in a notice of motion for judgment proceeding, the notice must state facts sufficient to establish a cause of action arising on a contract, express or implied. See *City of Moundsville* v. *Brown,* 125 W. Va. 779, 25 S. E. 2d 900; *City of Beckley* v. *Craighead,* 125 W. Va. 484, 24 S. E. 2d 908; *Hensley* v. *Copley,* 122 W. Va. 621, 11 S. E. 2d 755; *Mountain State Water Co.* v. *Town of Kingwood,* 121 W. Va. 66, 1 S. E. 2d 395. Documents attempted to be filed as exhibits with pleadings in such a proceeding can not be considered by the court. See *City of Beckley* v. *Craighead, supra,* expressly disapproving a *contra* holding in *Mountain State Water Co.* v. *Town of Kingwood, supra,* and *Baker* v. *Letzkus,* 113 W. Va. 533, 168 S. E. 806. A motion for judgment proceeding is purely statutory, and there can be no doubt as to the correctness of the holding in the *Craighead* case, in view of the plain provision of the statute that "Defense to any such motion may be made in the same manner and to the same extent as to an action at law". See *State ex rel. Emery* v. *Rodgers,* 138 W. Va. 562, 76 S. E. 2d 690; *Cawley* v. *Board of Trustees,* 138 W. Va. 571, 76 S. E. 2d 683; *Hall* v. *Harvey Coal & Coke Co.,* 89 W. Va. 55, 108 S. E. 491; *Pingley* v. *Pingley,* 84 W. Va. 433, 100 S. E. 216.

In view of the settled principles referred to, we must look to the facts established by the record to determine whether they constitute an express contract between plaintiff and Shepherd. The facts alleged in the special plea must be considered as true on the demurrer. As they relate to the existence of the contract, they do no more than establish payment of the five hundred dollars by plaintiff to Shepherd, the attorney for Haddad, to be applied toward satisfaction of the indebtedness owed Haddad by plaintiff. These facts, we think, are not different from those usually prevailing in a transaction where money is paid to and received by an authorized agent, to be applied toward the discharge of certain indebtedness. In the counter-affidavit of Shepherd he states that the five hundred dollars "* * * was paid into his hands with a view to its being credited towards the satisfaction of the said debt * * *". There is nothing in the statement to indicate the making of any special or express contract. It indicates only the purpose for which the money was received. Money paid to an agent in like circumstances is probably always paid with a "view" that it be applied toward existing indebtedness. One of the ten receipts executed by Shepherd and delivered to plaintiff states: "Received of Floyd P. Case fifty dollars—$50.00 on his debt owed E. A. Haddad—evidenced by a note now at K. Bk. & T. Co. on which this payment is to be applied forthwith." This receipt, as well as the other nine found in the printed record, was attempted to be filed in the case as an exhibit with the "Special Reply" of plaintiff "to the affidavit filed herein by the defendant, Walton Shepherd". We can not treat the receipts as part of the record in this case, for the reasons stated in *City of Beckley* v. *Craighead, supra*. We find in the record no other fact which can be contended to indicate any express contract. Viewing the facts in the record, we think they clearly fail to establish any express contract to the effect that Shepherd was, in any circumstance, to refund the five hundred dollars to plaintiff. They indicate only that the parties intended that the payments making up the

five hundred dollars paid to Shepherd were to be applied toward the satisfaction of the indebtedness owing Haddad. Do the facts here establish an implied contract?

In 17 C. J. S., Contracts, Section 3, the author distinguishes express contracts from implied contracts in this language: "The distinction between an express and implied contract is that when there is an actual promise, a contract is said to be express; when there is no actual promise, a contract is said to be implied. The distinction involves no difference in legal effect, but lies merely in the mode of manifesting assent, or rests in the mode of proof. The nature of the understanding is the same, and both express contracts and contracts implied in fact are founded on the mutual agreement of the parties and require a meeting of the minds. The former, as heretofore stated, is one in which the terms are stated in parol or in writing, while the latter is a matter of inference or deduction; in other words, the one must be proved by an actual agreement, while in the case of the other it will be implied that the party did make such an agreement as, under the circumstances disclosed, he ought in fairness to have made."

In *Johnson* v. *National Exchange Bank of Wheeling,* 124 W. Va. 157, 19 S. E. 2d 441, in considering essential elements of an implied contract, this Court stated: "It is clear that recovery is sought on the theory that Johnson had 'borrowed' the proceeds of the bonds, with the intention on his part to repay the alleged loan. Judicially, her claim is grounded in a contract implied in fact. According to decisions and text writers, such a contract presupposes an obligation 'arising from mutual agreement and intent to promise but where the agreement and promise have not been expressed in words.' Williston on Contracts, Revised Ed., § 3. It requires a meeting of the minds, just as much as an express contract. *Baltimore and Ohio R. Co.* v. *United States,* 261 U. S. 592, 593, 43 S. Ct. 425, 67 L. ed. 816. In cases which did not involve the jurisdictional feature, this Court approved allowance by a commissioner

of accounts based upon contracts implied in fact, though not so nominated. *In Re Estate of John C. Gilbert,* 115 W. Va. 599, 177 S. E. 529; *Broderick v. Broderick,* 28 W. Va. 378. In those cases intention of the decedent was the prerequisite factor to the award, and a commissioner of accounts merely translated into an award what the decedent assented to. But, in the instant case the record is silent of any facts which would warrant a conclusion that there was an intention—even by implication—to repay Mrs. Johnson. Were that intention present the claim would be purely a claim *ex contractu,* though implied in fact, and jurisdiction of the county court would then be clear. In the absence of intention, jurisdiction is lacking upon the theory presented in the claim as filed." See *Rosenbaum v. Price Construction Co.,* 117 W. Va. 160, 184 S. E. 261; *Hohmann v. County Court of Wetzel County,* 109 W. Va. 734, 156 S. E. 86; *Campbell v. King's Daughters General Hospital,* 96 W. Va. 539, 123 S. E. 396; *Fairbanks, Morse & Co. v. Breckinridge,* 84 W. Va. 233, 99 S. E. 398; *Limer v. Traders Co.,* 44 W. Va. 175, 28 S. E. 730. An express contract and an implied contract, relating to the same subject matter, can not co-exist. *Rosenbaum v. Price Construction Co., supra; Ellis & Myers Lumber Co. v. Hubbard,* 123 Va. 481, 96 S. E. 754. "For purposes of pleading there is no difference between an express and an implied contract, and in every case where the agreement is not in writing the same identical words of description are employed to describe an implied as well as an express promise, and the promise set up may be established by proof direct, or by proof inferred from facts." 4 M. J., Contracts, Section 107.

In the light of these applicable principles, we are forced to the conclusion that the facts in the record of this case furnish no basis for implying any contract between plaintiff and Haddad whereby Shepherd, in any circumstance, agreed to refund any sum to plaintiff. In truth, all the facts seem to clearly show the sole intention of the parties was that such payments should be applied to the extinguishment of the indebtedness of Haddad, as such

payments actually did. We are not unmindful of plaintiff's argument that "Where the defendant is proved to have in his hands the money of the plaintiff which, ex aequo et bono, he ought to refund, the law conclusively presumes that he has promised to do so * * *". See 4 M. J., Contracts, Section 105. But the facts in the instant case do not establish that Shepherd has "in his hands the money of the plaintiff" which should be refunded. The payments constituting the five hundred dollars in the hands of Shepherd, the attorney and agent for Haddad, actually belonged to Haddad, and actually reduced the amount of the indebtedness owing Haddad by that amount, as we shall presently see.

In 2 Am. Jur., Agency, Section 349, it is stated: "Payment made to an agent having authority to receive or collect payment is equivalent to payment to the principal himself; such payment is complete when the money is delivered into the agent's hands and is a discharge of the indebtedness owing to the principal even though the agent misappropriates the money. This is true whether the agent has express authority to collect, whether his authority is implied as incidental to the agency transaction, or whether it arises from the fact that the principal has held his agent out as having apparent authority to collect and the debtor has relied upon such appearance of authority. The debtor, however, makes payment to an agent at his own risk, he being bound to know the authority of the agent in this regard. The burden of proving such authority of an agent to receive payment is upon the person making the payment."

In *Golden* v. *O'Connell*, 76 W. Va. 282, 85 S. E. 533, this Court stated: "* * * Where one appoints a person as his agent to receive a sum of money agreed to be paid in satisfaction of a claim, the settlement is complete the moment the agent receives payment. *Railroad Co.* v. *Ragan,* 104 Ga. 353. Payment to the authorized agent of a creditor by the debtor is equivalent to payment to the creditor himself. *Bicknell* v. *Buck,* 58 Ind. 354. So it has

been held that when money intended for the payment of a note has reached the hands of an agent authorized to collect it, the debt is paid. *Boyd* v. *Page,* 2 Neb. 859; *Stuart* v. *Stonebraker,* 63 Neb. 554; *Pochin* v. *Knoebel,* 63 Neb. 768; *Osborne* v. *Gatewood,* 74 S. W. (Tex.) 72." See *Lovett* v. *Eastern Oil Co.,* 68 W. Va. 667, 70 S. E. 707, Ann. Cas. 1912B, 360.

Another well settled rule of law would preclude recovery by plaintiff. In *Petty* v. *United Fuel Gas Co.,* 76 W. Va. 268, 85 S. E. 523, this Court held: "3. Money paid under a mistake of law and with full knowledge of the facts cannot be recovered back." See *Alderson* v. *Gauley Fuel Co.,* 116 W. Va. 95, 178 S. E. 626; *Gaffney* v. *Stowers,* 73 W. Va. 420, 80 S. E. 501; *Beard* v. *Beard,* 25 W. Va. 486; *Haigh* v. *United States Building, Land and Loan Association,* 19 W. Va. 792.

There is no contention that plaintiff did not have full knowledge of all material facts at the time she made the additional payment of five hundred dollars to Haddad. She had been fully informed of the fact that Shepherd was the attorney for Haddad and that he had withheld the payments under a claim of right to do so by virtue of an attorney's lien. She knew that the bank held for collection the note representing the indebtedness, and that the payments constituting the five hundred dollars withheld by Shepherd had not been indorsed on that note. In law, she was bound to know that the payments made to Shepherd discharged, *pro tanto,* the indebtedness, whether such indorsements were made or not. The fact that she may have misconceived the legal consequence in making the further or second payment does not give cause for an action against Shepherd for recovery of payments previously paid to him. As above noted, we are not here concerned with the right of plaintiff to recover from Haddad. Neither are we concerned here with the existence of any right as between Shepherd and Haddad, or with the existence of any attorney's lien based on the employment of Shepherd by Haddad.

Plaintiff contends, however, that the questions herein considered were not, upon the demurrer, considered by the trial court and, for that reason, can not be considered here. She relies on cases like *Bell* v. *Huntington Development & Gas Co.*, 106 W. Va. 155, 145 S. E. 165; *State* v. *John,* 103 W. Va. 148, 136 S. E. 842; and *Clark* v. *Kelly,* 101 W. Va. 650, 133 S. E. 365. Such cases are not controlling. In numerous cases this Court has pointed out that it is not confined to the particular ground or grounds which the lower court assigns as grounds for its action in disposing of questions arising on a general demurrer. See *Robertson* v. *Vandergrift,* 119 W. Va. 219, 193 S. E. 62; *Central Trust Co.* v. *Mullens Realty & Insurance Co.*, 107 W. Va. 650, 150 S. E. 12; *West Virginia & Maryland Power Co.* v. *Racoon Valley Coal Co.,* 93 W. Va. 505, 117 S. E. 891; *Depue* v. *Miller,* 65 W. Va. 120, 64 S. E. 740, 23 L. R. A., N. S., 775; *Granite Building Co.* v. *Saville's Admr.,* 101 Va. 217, 43 S. E. 351. Moreover, the question relating to the cause of action, the existence of a contract on which a proceeding by notice of motion for judgment may be maintained, is jurisdictional, and may be raised at any time in any court. See *State* v. *Cruikshank,* 138 W. Va. 332, 76 S. E. 2d 744; *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Perkins* v. *Hall,* 123 W. Va. 707, 17 S. E. 2d 795.

From the conclusions reached, it necessarily follows that the judgment of the Circuit Court of Kanawha County must be reversed.

*Reversed.*