ESSO STANDARD OIL COMPANY

*v.*

ESTHER KELLY

(CC 852)

Submitted January 26, 1960. Decided February 2, 1960.

*Thornhill & Thornhill,* for plaintiff.
*Clay S. Crouse,* for defendant.

HAYMOND, JUDGE:

This is a notice of motion for judgment proceeding instituted in the Circuit Court of Raleigh County for the recovery by the plaintiff, Esso Standard Oil Company, a corporation, of money due and owing to it by the defendant, Esther Kelly, upon a written contract signed by the defendant which the plaintiff alleges to be an unconditional guaranty for the payment of the sum of $5,299.79, the principal amount for which the plaintiff sues, with interest upon that sum until paid.

The notice, which was returnable before the Circuit Court of Raleigh County on July 21, 1958, alleges that the principal sum of $5,299.79 with interest is due and owing to the plaintiff from the defendant upon a written unconditional guaranty executed by the defendant, dated May 28, 1958, by which the defendant guaranteed the payment of sums of money owed the plaintiff by Donald G. Kelly not to exceed

the sum of $7,750.00; that Donald G. Kelly failed to pay the plaintiff the sum of $5,299.79; and that the defendant has failed and refused to pay that sum of money. With and attached to the notice is an affidavit in behalf of the plaintiff which states that the claim of the plaintiff is based upon the written unconditional guaranty mentioned in the notice and that there is due and unpaid from the defendant to the plaintiff, upon the demand stated in the notice, after deducting all payments, credits and sets-off made by the defendant or to which the defendant is entitled, the sum of $5,299.79.

The defendant demurred to the notice on the ground that it states a claim for damages and does not state a cause of action to recover money due on contract. The defendant also filed a motion to quash the affidavit on the ground that it does not state the several items of the plaintiff's claim as provided by the statute on which the proceeding is based.

By order entered October 1, 1959, the circuit court sustained the demurrer and held the notice insufficient in law and upon its motion certified to this Court the question whether the notice states a claim for damages instead of a cause of action to recover money due on contract.

The plaintiff attached to the notice and filed, as an exhibit, a photostatic copy of the written guaranty on which the plaintiff bases its claim for a recovery in this proceeding.

A notice of motion for judgment, being both a summons and a pleading, *State ex rel. Stout v. Rogers,* 132 W. Va. 548, 52 S. E. 2d 678; *Jennings v. Wiles,* 82 W. Va. 573, 96 S. E. 1009; *Stuart v. Carter,* 79 W. Va. 92, 90 S. E. 537, L.R.A. 1918D, 1070, is a pleading in an action at law as distinguished from a pleading in a suit in equity. The rule is well established in this jurisdiction that an exhibit, filed with a pleading in an action at law, unless authorized by statute or by rule of court, is not part of the pleading

and can not be considered by the court. *Cawley v. The Board of Trustees of the Firemen's Pension or Relief Fund of the City of Beckley,* 138 W. Va. 571, 76 S. E. 2d 683; *State ex rel. Emery v. Rodgers, Judge,* 138 W. Va. 562, 76 S. E. 2d 690; *State ex rel. Medley v. Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146; *Mustard v. The City of Bluefield,* 130 W. Va. 763, 45 S. E. 2d 326; *Vorholt v. Vorholt,* 111 W. Va. 196, 160 S. E. 916; *Laurenzi v. James E. Pepper Distilling Company,* 90 W. Va. 794, 112 S. E. 177; *Hall v. Harvey Coal and Coke Company,* 89 W. Va. 55, 108 S. E. 491; *State ex rel. Pingley v. Pingley,* 84 W. Va. 433, 100 S. E. 216. In the recent case of *Case v. Shepherd,* 140 W. Va. 305, 84 S. E. 2d 140, this Court, adhering to its decision in *City of Beckley v. Craighead,* 125 W. Va. 484, 24 S. E. 2d 908, and expressly disapproving a contrary holding in point 2 of the syllabus in *Mountain State Water Company v. Town of Kingwood,* 121 W. Va. 66, 1 S. E. 2d 395, held in point 3 of the syllabus that in a proceeding by notice of motion for judgment on a contract, the common law rule relating to use of exhibits with pleadings prevails; and that exhibits attempted to be filed with pleadings in such a proceeding can not be considered. In consequence the photostatic copy of the written guaranty, filed with the notice, will not be considered by this Court. The notice, however, sufficiently sets forth the substance of the written guaranty to enable this Court to determine whether that instrument is a contract for the payment of money which may be made the basis of a proceeding by notice of motion for judgment.

It is clear from the allegations of the notice descriptive of the written instrument sued upon that it constitutes an absolute guaranty for the payment of money. In *Loverin and Browne Company v. Bumgarner,* 59 W. Va. 46, 52 S. E. 1000, this Court, in holding that the instrument on which the claim of the plaintiff was based in that case was an absolute guaranty of payment upon which a case may be commenced against the guarantor without any previous suit against his

principal, in the opinion, citing *Arents v. Commonwealth,* 18 Gratt. 750, and quoting from that case, said that the intention of the guarantor governs; that if it appears to have been his intention to make himself liable on the default of the principal debtor, without the use of the ordinary means to compel payment by him, or proof of his insolvency, he will be held liable accordingly; and that his contract, in such case, is a guaranty of payment, or of punctual payment, by the principal debtor, and not a guaranty of solvency, or of ultimate payment, after the usual means of enforcing it are employed. The opinion in that case also mentions several examples of similar instruments which constitute an absolute or unconditional guaranty of payment which is not a guaranty of collection merely and that an action may be commenced against the guarantor without any previous proceeding against the principal debtor.

In *Henderson v. Kessel,* 93 W. Va. 60, 116 S. E. 68, this Court held that a guaranty, which provided that the signers guaranteed the payment of a designated sum upon the completion of a well then being drilled, and was signed by the guarantors, was an absolute guaranty of payment when the well was completed, and that the person to whom the guaranty was given could maintain a suit upon it against the guarantors without having exhausted his remedy against the principal debtor or showing that the principal debtor was insolvent.

An absolute guaranty has been defined as an unconditional undertaking by a guarantor that the debtor will pay the debt or perform the obligation; and as an unconditional promise of payment or performance of the contract on default of the principal debtor or obligor. Black's Law Dictionary, Fourth Edition, page 833. In *Ives v. Williams,* 143 Va. 855, 129 S. E. 675, the court defines and discusses an absolute guaranty in these terms: "An absolute guaranty is generally said to be one by which the guarantor unconditionally promises payment or performance of the contract on

default of the principal debtor or obligor, and while the most usual form of an absolute guaranty is that of payment, still an absolute guaranty of performance is subject to the same rules as the guaranty of payment. It is further said that a guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor.''

An indemnity against liability is a contract to indemnify when liability of the person indemnified arises, even though the person indemnified has not suffered an actual loss. Black's Law Dictionary, Fourth Edition, page 910. In *State ex rel. Copley v. Carey,* 141 W. Va. 540, 91 S. E. 2d 461, this Court said that when a contract of indemnity is against liability as distinguished from a contract of indemnity against loss or damage, an action may be maintained and a recovery may be had as soon as the liability has been imposed. In *Stuart v. Carter,* 79 W. Va. 92, 90 S. E. 537, L.R.A. 1918D, 1070, this Court held in point 2 of the syllabus that on a contract of indemnity against liability, a right of action arises immediately on the nonperformance of the thing the covenantor bound himself to do, or the nonpayment of the money he bound himself to pay for the exoneration of the indemnitee, when it became due and payable, and also held in point 6 of the syllabus that money due on a bond with collateral condition may be recovered by notice of motion for judgment. See *State v. Picklesimer,* 103 W. Va. 561, 138 S. E. 313.

This Court has said that in a proceeding by notice of motion for judgment on a contract, the notice must state facts which give rise to a cause of action on contract, express or implied, *Case v. Shepherd,* 140 W. Va. 305, 84 S. E. 2d 140; *The City of Moundsville v. Brown,* 125 W. Va. 779, 25 S. E. 2d 900; *City of Beckley v. Craighead,* 125 W. Va. 484, 24 S. E. 2d 908; *Hensley v. Copley,* 122 W. Va. 621, 11 S. E. 2d 775; *Mountain State Water Company v. Town of Kingwood,* 121 W. Va. 66, 1 S. E. 2d 395; *Lambert v. Morton,* 111 W. Va. 25, 160 S. E. 223; and that all that is

required of the notice is that it must be so plain that the defendant can not mistake its object even though it may be wanting in form and technical accuracy. *Stuart v. Carter,* 79 W. Va. 92, 90 S. E. 537, L.R.A. 1918D, 1070. See *Shepherd v. Brown,* 30 W. Va. 13, 3 S. E. 186. It has also said that recovery of money as damages resulting from breach of contract, as distinguished from recovery of money due and owing on contract, may not be had in a proceeding by notice of motion for judgment. *State ex rel. Stout v. Rogers,* 132 W. Va. 548, 52 S. E. 2d 678; *The City of Moundsville v. Brown,* 125 W. Va. 779, 25 S. E. 2d 900; *Hensley v. Copley,* 122 W. Va. 621, 11 S. E. 2d 755; *White v. Conley,* 108 W. Va. 658, 152 S. E. 527; *Stuart v. Carter,* 79 W. Va. 92, 90 S. E. 537, L.R.A. 1918D, 1070.

The guaranty upon which the present proceeding is based is similar, in its factual and legal effect, to a note for a definite principal sum, which may be enforced in a notice of motion for judgment proceeding. The notice states a demand for a definite, specific, liquidated sum which is alleged to be due and owing to the plaintiff by the defendant upon the absolute written guaranty of the defendant.

The statute upon which this proceeding is based, Section 6, Article 2, Chapter 56, Code 1931, as amended, to the extent here pertinent, provides that "Any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action, obtain judgment for such money after not less than twenty days' notice, which notice shall be in writing, signed by the plaintiff or his attorney, and shall be returned to the clerk's office of such court at least five days before the return day of such notice, and when so returned shall be forthwith filed and the date of filing noted thereon, and shall be placed upon the docket for hearing." The notice in the present proceeding fully satisfies the requirements that the notice must state facts which give rise to a cause of action on contract and that it must be so plain that the defendant can not mistake its ob-

ject. The contract alleged and described in the notice is an absolute guaranty of payment by the defendant to the plaintiff of a designated and liquidated amount which is alleged to be due, unpaid and owing to the plaintiff under and by virtue of the contract and constitutes a demand which may be recovered in a proceeding by notice of motion for judgment. Money in a designated and liquidated amount which is due and owing to the plaintiff on a contract in the form of an absolute guaranty of payment by the defendant may be recovered in a proceeding by notice of motion for judgment.

*State. ex. rel. Stout v. Rogers,* 132 W. Va. 548, 52 S. E. 2d 678, cited and relied upon by the defendant; *Hensley v. Copley,* 122 W. Va. 612, 11 S. E. 2d 755; and *White v. Conley,* 108 W. Va. 658, 152 S. E. 527, in which this Court said that damages arising from breach of contract could not be recovered in a proceeding by notice of motion for judgment, as distinguished from the recovery of money due on contract, are not applicable and do not control the decision in this proceeding.

The sufficiency of the affidavit is not considered upon the certificate for the reason that the circuit court did not pass upon the motion to quash the affidavit, though its action in sustaining the demurrer to the notice necessarily eliminated the affidavit from this proceeding, and for the additional reason that an affidavit filed by a plaintiff to a notice of motion for judgment does not necessarily affect the sufficiency of the notice. The affidavit is not a pleading or a part of the notice but is separate and distinct from it. The purpose of an affidavit filed with a notice of motion for judgment is to prevent the defendant from filing any plea to the notice unless an affidavit of the defendant is filed with his plea, and to enable the plaintiff, in the absence of such plea, without further proof, to obtain judgment for the sum stated in his affidavit with interest from its date until paid.

The certified question is answered in the negative

and the ruling of the circuit court in sustaining the demurrer to the notice of motion for judgment is reversed.

*Ruling reversed.*